IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| IN RE: ) | |
| ) | BANKRUPTCY CASE NO. |
| STEPHEN L. PRICE, ) | |
| ) | 02-30767 |
| Debtor. ) | CHAPTER 7 |
| _____ ) | |
| ) | |
| SUSAN S. DEPAOLA, TRUSTEE, ) | |
| ) | ADVERSARY PROCEEDING NO. |
| Plaintiff, ) | |
| ) | 05-03063 |
| vs. ) | |
| ) | |
| STEPHEN L. PRICE and STARLA ) | |
| WATSON PRICE FRAZIER, ) | |
| ) | |
| Defendants. ) | |

**RESPONSE TO ORDER DATED APRIL 11, 2006**

Comes Now, Starla Frazer ("Frazer") and responds to this Court's Order dated April 11, 2006 as follows:

**I.   FRAZER POSSESSES THE ABSOLUTE RIGHT TO A JURY TRIAL**

The Seventh Amendment to the United States Constitution provides: "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved…." "Suits at common law" refers to (1) suits involving legal rights, as opposed to equitable rights; and (2) actions brought to enforce statutory rights that are analogous to common law causes of action ordinarily decided

3423.2

in English law courts in the late 18th century. <u>Granfinanciera v. Nordberg</u>, 492 U.S. 33, 42 (1989).

Two questions resolve the issue of whether a particular claim entails a right to trial by jury: first, whether the action or its analog was historically tried to juries at the time the Seventh Amendment was adopted in 1791; and then, second, whether the relief sought is legal or equitable in nature." <u>Malone</u>, 245 B.R. at 399 (citing <u>Tull v. United States</u>, 481 U.S. 412 (1987)).

> In <u>Granfinanciera</u>, the Supreme Court articulated a two part test for journaling such distinction: "First, we compare the statutory action to eighteenth century actions brought in the courts of England prior to the merger of the courts of law and equity. Second, we examine the remedy sought and determine whether it is legal or equitable in nature."
>
> <u>RDM Sports Group, Inc. v. Equitex, Inc.</u>, 260 B.R. 915, 919 (N.D. Ga. 2001) (citing <u>Granfinanciera, S.A. v. Nordberg</u>, 492 U.S. 33, 42 (1989) (quoting <u>Tull v. United States</u>, 481 U.S. 412, 417-18 (1987)).

The Supreme Court also noted that the "second stage of this analysis the relief sought is more important than the first." <u>Granfinanciera</u>, 492 U.S. at 42.

The Trustee has sued Starla alleging a fraudulent transfer of the Tiffin Stock pursuant to the Alabama Fraudulent Conveyance Act. For her relief, the Trustee requested that the

3423.2

2

Bankruptcy Court avoid the transfer and enter judgment for the Trustee awarding the Tiffin Stock Certificate and the funds in Baddley's escrow account to Price's bankrupcty estate. (Case No. 05-3063, Doc. No. 59, Amended Complaint at pp. 5-6.) Frazer has a right to have a jury adjudicate whether Price's transfer of the Tiffin Stock was fraudulent. Granfinanciera, 492 U.S. 33. Additionally, the Trustee seeks a monetary judgment, which also entitles Frazer to a trial by jury.

> Where an action is simply for the recovery and possession of specific real or personal property, or for the recovery of a money judgment, the action is one at law. An action for the recovery of real property, including damages for withholding it, has always been of that class. The right which in this case the plaintiff wishes to obtain is possession and enjoyment; and in a contest over the title both parties have a constitutional right to call for a jury.
>
> Granfinanciera, 492 U.S. at 46, n. 5.

It is unnecessary to determine whether Frazer is entitled to a jury trial of Counts I and II. In Counts I and II, the Trustee seeks a declaratory judgment that the Tiffin Stock and the Residence are property of Price's Chapter 7 estate and requests a turnover pursuant to 11 U.S.C. § 542. The state court entered and recorded the Divorce Order pre-petition, effectively transferring the Debtor's interest in the Tiffin Stock and the Residence to Starla. Absent proof of an

actionable fraudulent transfer, the Trustee's claims must be dismissed and the state court's order honored.

> "Absent the express consent of all parties to a particular count, the bankruptcy court may not conduct a jury trial as to that count. Here, the plaintiff clearly is entitled to a jury trial as to at least one count of its complaint, a count for breach of contract, and therefore the adversary proceeding must be tried to a jury." (citations omitted)
>
> <u>Wilson v. ENC Mortgage Corp. (In re Wilson)</u>, Bankruptcy No. 0016925, Adversary No. 04-1276, 2005 WL 3320594, at *1 (October 17, 2005 Bankr. D. Mass.)

> [T]his court finds that debtors are entitled to a jury trial on these causes of action under the Seventh Amendment, and thus, this proceeding must be transferred to the United States District Court.
>
> <u>Walton v. AG Credit, ACA (In re Walton)</u>, 158 B.R. 939, 942 (Bankr. N.D. Ohio 1993)

Frazer has demanded a jury trial of all claims and issues in this Adversary Proceeding. As such, withdrawal of the reference is mandatory.

## II. <u>FRAZER HAS NOT VOLUNTARILY RELINQUISHED A KNOWN RIGHT TO A JURY TRIAL.</u>

It is anticipated that the Trustee will allege that Frazer has magically converted the Trustee's legal claims into equitable claims by filing a compulsory counterclaim against the Estate in Bankruptcy Court and has thereby consented to a trial without a jury.

3423.2                                    4

> "[L]egal claims are not magically converted into equitable issues by their presentation to a court of equity," *Ross v. Bernhard*, 396 U.S. 531, 538, 90 S.Ct. 733, 738, 24 L.Ed.2d 729 (1970), nor can Congress conjure away the Seventh Amendment by mandating that traditional legal claims be brought there or taken to an administrative tribunal.

Granfinanciera, 492 U.S. at 52.

Congress may only deny a party its constitutional right to a jury trial if the legal cause of action involves public rights. Id. at p. 2796. "If the right to a jury trial depends upon the forum which Congress has chosen, Congress could utterly destroy the right by always providing for administrative resolution." Beard v. Braunstein, 914 F. 2d 434, 440 (3rd Cir. 1990). "Waivers of valid jury demands are not to be lightly inferred, and waivers should be scrutinized with utmost care." Haynes v. W.C. Cave & Co., Inc., 52 F.3d 928 (11th Cir. 1995).

### A.  Frazer's Counterclaim Is Not Equivalent to a Proof of Claim

Frazer's counterclaim is not equivalent to a proof of claim. First, one's voluntary assertion of a proof of claim against the Estates is a voluntary submission to the bankruptcy court's jurisdiction. Langenkamp v. Culp, 498 U.S. 1042, 44 (1990). A proof of claim is voluntary, but a compulsory counterclaim is not. A waiver of constitutional rights must be both knowing and voluntary. See e.g., Parke v. Raley, 506 U.S. 20, 28-29 (1992); In re NDEP Corp., 203 B.R. 905 (D.Del. 1996);

<u>In re Data Compass Corp.</u>, 92 B.R. 575, 578 (Bankr. E.D.N.Y. 1988). Congress cannot force Frazer to choose between a valid defense, which she asserted as a declaratory counterclaim, and her Constitutional right to a jury trial.

Second, Frazer's counterclaim is not a request for any portion of the res. Frazer is not seeking an affirmative recovery from Price's bankruptcy estate. Frazer's counterclaim is comparable to an affirmative defense:

> "It is a claim against the Trustee and Baddley to determine the extent and priority liens <u>in the event the Court erroneously determines</u> that the Trustee possesses any interest in the Tiffin Stock, which Starla disputes."
>
> (Case No. 05-3063, ECF Doc. No. 80, Amended Answer, Crossclaim and Counterclaim, p. 7-8, ¶10.)

The Divorce Order states that if the stock is not effectively transferred to Frazer, Frazer has a judicial lien upon the Tiffin Stock and any funds payable to Price from the Tiffin litigaiton. (Case No. 02-30767, ECF Doc. No. 71, Frazer Motion for Relief of Automatic Stay, Exh. A) It would have been malpractice for Frazer's attorneys to fail to allege that the adjudication of the fraudulent transfer is unnecessary because Frazer has a judicial lien on the Tiffin Stock.

Moreover, Frazer's counterclaim did not trigger the process of allowance and disallowance of claims.

> "[W]hen a proof of claim is filed, the process of allowance and disallowance of claims is triggered. On the contrary, when the trustee or debtor files an action and there is a timely jury demand along with the assertion of counterclaims, then those counterclaims are part of the "the jury process" rather than the process of allowance and disallowance of claims.
>
> In re NDEP Corp., 203 B.R. 905.

The filing of a proof of claim is a necessary condition for the claims allowance process to begin. In re NDEP Corp., 203 B.R. 905, 912 (citing Germain v. Connecticut Nat'l Bank 988 F.2d 1323, 1327 (2d Cir. 1993). Congress created the claims allowance process for the purpose of efficient and expedient processing of claims. A party that enjoys the benefit of having a more efficient and expedient adjudication of their claims against an estate has voluntarily and knowingly submitted to bankruptcy jurisdiction and waived its right to a jury trial. See Id. Frazer's adjudication of her compulsory counterclaim (which is defensive in nature) has not been efficient or expedient.

Frazer paid approximately $350,000 of joint debt that the Divorce Order required price to pay. Frazer did not file a proof of claim for those pre-petition debts.

B. **Frazer's Counterclaim Was Compulsory and Therefore Was Not a Voluntary Relinquishment of Her Right to a Jury Trial.**

It is anticipated that the Trustee will claim that Frazer submitted to the jurisdiction of the bankruptcy court by

3423.2                                    7

filing a compulsory counterclaim against the Trustee, thereby waiving her Seventh Amendment right to a jury trial. Congress may not force a party to choose between waiving a valid claim or defense or waiving her right to a jury trial. <u>Beard v. Braunstein</u>, 914 F. 2d 434, 440 (3rd Cir. 1990). "The better rule… is that defendant does not waive objections to jurisdiction and venue by asserting a compulsory counterclaim." <u>Id.</u> (citing 6 Wright, Miller & Kane, Federal Practice and Procedure Civil 2d § 1416 at 125 (1990)); <u>In re Kaiser Steel Corp. v. Frates</u>, 911 F.2d 380 (10th Cir. 1990). "A finding that a defendant has waived his objections to jurisdiction and venue by interposing a compulsory counterclaim "is something less than fair play." <u>Id.</u> (citing <u>Dragor Shipping Corp. v. Union Tank Car Corp.</u>, 378 F. 2d 241, 244 n. 4 (9th Cir. 1967).

Fed. R. Bankr. 7013 provides that F. R. Civ. P. 13 regarding compulsory counterclaims applies in adversary proceedings when a party is sued by a trustee and the claim arose post-petition. The Trustees have sued Starla to recover for Price's allegedly fraudulent transfer of the Tiffin Stock. Frazer counterclaimed against the Trustee for a declaratory judgment that Frazer's judicial lien upon the Tiffin Stock defeats any fraudulent transfer claim by the Trustee. Frazer's counterclaim against the Trustee could not arise pre-petition, because the estate that the Trustee seeks to supplement with

Frazer's property was not in existence pre-petition. Frazer's counterclaim is compulsory. If the "conversion theory" is applicable, Congress has abridged Frazer's Seventh Amendment right by forcing Frazer to choose between a valid claim for which she utilized as a defense and her Constitutional right to a jury trial.

The right to a jury trial is not waived unless it is voluntary. The 11th Circuit has not decided whether the filing of a counterclaim impliedly waives the fundamental right to a jury trial. The lower courts' decisions are in a state of flux, thus the filing of a counterclaim cannot be a knowing and intelligent relinquishment of a constitutional right.

/s/ David B. Anderson_____
David B. Anderson
Deanna L. Weidner
Attorneys for Starla Frazer

OF COUNSEL:

WALSTON, WELLS, ANDERSON & BIRCHALL, LLP
One Federal Place
1819 5th Avenue North, Suite 1100
Birmingham, AL  35203
Phone:  205-244-5200
Fax:  205-244-5400

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing Response to Order Dated April 11, 2006 has been duly

3423.2                                9

served upon counsel of record electronically and/or by mailing same by United States mail, properly addressed and postage prepaid, to the following:

>Ms. Teresa R. Jacobs
>U. S. Bankruptcy Administrator
>One Church Street
>Montgomery, AL  36104
>
>Ms. Susan S. DePaola
>1726 West Second Street, Suite B
>Montgomery, AL  36106
>
>Mr. Charles N. Parnell, III
>Parnell & Crum, P.A.
>P. O. Box 2189
>Montgomery, AL 36102
>
>Mr. Von G. Memory
>Memory & Day
>P. O. Box 4054
>Montgomery, AL 36101
>
>Mr. André M. Toffel
>Toffel & Altmann
>Farley Building, 4th Floor
>1919 3rd Avenue North
>Birmingham, AL  35203

This the 11th day of May, 2006.

>                /s/ David B. Anderson_____
>                Of Counsel