IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | BANKRUPTCY CASE NO. |
| STEPHEN L. PRICE, | ) | |
| | ) | 02-30767 |
| Debtor. | ) | CHAPTER 7 |
| _____ | ) | |
| | ) | |
| SUSAN S. DEPAOLA, TRUSTEE, | ) | |
| | ) | ADVERSARY PROCEEDING NO. |
| Plaintiff, | ) | |
| | ) | 05-03063 |
| vs. | ) | |
| | ) | |
| STEPHEN L. PRICE and STARLA | ) | |
| WATSON PRICE FRAZIER, | ) | |
| | ) | |
| Defendants. | ) | |

TO:  The United States District Court for
     The Middle District of Alabama, Northern Division

## MOTION TO WITHDRAW REFERENCE AND TRANSFER TO DISTRICT COURT

Comes Now, Starla Frazer ("Frazer") and pursuant to 11 U.S.C. § 157 moves this Court to withdraw the previous, automatic reference of this case to the Bankruptcy Court and transfer this Adversary Proceeding back to the District Court. For her Motion, Starla asserts the following:

### FACTUAL BACKGROUND

1.   Frazer and the Debtor, Stephen Price, were married for thirteen years.  In February of 2001, Frazer filed for divorce in DR-2001-126 in the Circuit Court of Montgomery County on February 2, 2001 (the "Divorce Action").  On August 2,

2001, six months after filing the Divorce Action, Frazer and Price agreed upon the terms of the divorce and entered into a Marital Settlement Agreement ("Divorce Agreement") (Case No. 02-30767, ECF Doc. No. 71, Frazer Motion for Relief from Automatic Stay, Exh. A).  On August 8, 2001, Judge John C. Capell entered a final non-appealable order granting Frazer's petition for divorce, incorporating the Divorce Agreement and ordering the parties to comply with the Divorce Agreement (the "Divorce Order") (Case No. 02-30767, ECF Doc. No. 71, Frazer Motion for Relief from Automatic Stay, Exh. B).

2.    One of Price's assets was 250 shares of stock in Tiffin Motors Homes, Inc. (the "Tiffin Stock") (Case No. 02-30767, ECF Doc. No. 71, Frazer Motion for Relief from Automatic Stay, Exh. C).  The Divorce Agreement and Order transfers title to the Tiffin Stock to Frazer.

> "[Frazer] "shall be the absolute owner of the stock in Tiffin Motor Homes, Inc. which is presently titled in the Husband's name.  The Husband shall immediately execute any and all documents which are necessary to convey all right[s], title and interest therein to Wife to be her's absolutely."

> (Exh. A at ¶ 19).

> Divesting of Property Rights:   Except as otherwise provided for in this "Marital Settlement Agreement", each party shall be divested of and each party waives, renounces and gives up all right, title, and interest in and to the property awarded to the other.

(<u>Id.</u> Exh. A at ¶ 22).

3.    In the event Price transferred the Tiffin Stock before the entry of the Divorce Order, by vesting title thereto, Price was required to pay to Frazer either the fair market value of the Tiffin Shares or the amount he actually received, "whichever amount is greater." (<u>Id.</u>, Exh. A at ¶ 19).    The Divorce Order established a judicial lien upon any amount Price receives for the transfer of the Tiffin Stock. (<u>Id.</u>, Exh. A. at ¶ 19).

4.    The Divorce Agreement obligated Price to pay "any costs, expenses, legal fees or legal expenses associated with this stock or its transfer." (<u>Id.</u>, Exh. A at ¶ 19).

5.    The Divorce Decree also transferred to Starla all right, title and interest to the residence in Steamboat Springs, Colorado (the "Residence"). (Case No. 02-30767, ECF Doc. No. 71, Trustee AP, ¶ 7).

6.    On August 10, 2001, two days after the entry of the Divorce Order, Price agreed to participate in a minority shareholder action against Bob Tiffin, Inc., et al, CV-01-223 in the Circuit Court of Franklin County (the "Shareholders Action").  Frazer was unaware that this had occurred.

7.    Starla sold the Residence in September of 2001. Great Plains Trucking, Inc. asserted a lien upon the Residence for debts incurred by Price, for which Starla guaranteed.

Starla litigated with Great Plains for over two years before she reached a settlement with Great Plains. (See Case No. 05-3063, ECF Doc. No. 36, Motion for Summary Judgment Based Upon Statute of Limitations).

8. In November 2001, the Tiffin Stock was finally delivered to Frazer. Frazer has had possession of the Tiffin Stock since November of 2001.

9. On March 11, 2002, over a year after Starla filed for divorce, Price filed for Chapter 11 relief and voluntarily converted to Chapter 7 on April 24, 2002. (Case No. 05-3063, ECF Doc. No. 1, Trustee AP, ¶ 5.) Consistent with the Divorce Order and the transfer of the Tiffin Stock to Frazer, Price did not include the Tiffin Stock or the Shareholders Action on his schedules.

10. Susan DePaola, the Plaintiff, was appointed Trustee on May 6, 2002 (the "Trustee"). (Case No. 05-3063, ECF Doc. No. 1, Trustee AP ¶ 5.)

11. The Trustee had knowledge that Price had transferred the Tiffin Stock and the Residence to Starla pursuant to the Divorce Order in 2002. The Trustee also had knowledge in 2002 of the Shareholder's Action and the litigation with Great Plains over the lien on the Residence, however, the Trustee took no action to administer any alleged asset of the

estate relating thereto. (Case No. 05-3063, ECF Doc. No. 36, Starla Motion for Summary Judgment).

12. On January 8, 2003, Price received his discharge. As a consequence of Price's discharge, Frazer has been forced to pay approximately $350,000 in joint debts that Price was ordered to pay in the Divorce Order.

13. The Trustee reviewed the case 11 times between April, 2003 and June, 2004, whereby each time she determined that the case could not be closed because of possible assets. Finally, on June 15, 2004, the Trustee issued a Final Report of No Distribution. The Trustee was discharged and the case was closed on June 21, 2004. (Case No. 02-30767, ECF Doc. Report; Doc. 57-59.)

14. Frazer also learned of the Shareholders Action, and on April 17, 2003, the Circuit Court approved a modification of the Divorce Order ("Modification Agreement") to reflect Frazer's interest in the Shareholders Action as the owner of the Tiffin Stock:

> Husband agrees to notify his attorney and/or Wife's attorney as soon as litigation regarding the stock is resolved. Husband understands that any payments to Husband for said stock that is at issue in this matter is not to be used for his personal benefit but instead belongs solely to the Wife and Husband will sign whatever documents are necessary to assist in transferring all stock to Wife upon release of said stock...

(Case No. 02-30767, ECF Doc. No.___, Exh. E) Exh. E, ¶ 13). (Emphasis supplied).

15. On December 1, 2004, Frazer learned of the settlement of the Shareholders Action. The settlement of the Shareholders Action provided for cash payments and installment payments to shareholders.

16. Frazer, through counsel, filed a Motion to enforce the Divorce Order, as modified, so that she could receive her proceeds. The hearing was held in the Circuit Court before the Hon. Mark Anderson on December 21, 2004. The Trustee and her legal counsel appeared and requested a 90 day continuance of the domestic relations case to permit the Trustee to investigate the ownership of the Tiffin Shares. The Circuit Court granted the continuance.

17. On December 21, 2004, the Trustee filed a motion and reopened this Chapter 7 Bankruptcy Case for the purpose of investigating the Tiffin Settlement. (Case No. 02-30767, ECF Doc. No. 69).

18. On January 5, 2005, Price executed a Tiffin Stock Purchase Agreement and Release and Settlement Agreement concluding the Shareholders Action. In recognition of Frazer's interest in the Tiffin Stock, the settlement documents required the funds to be held in escrow.

19.    Price's counsel in the Shareholders Action, Thomas Baddley ("Baddley"), filed a motion  to move the funds from the Circuit Court into a trust account maintained by Baddley.    Baddley's motion was granted by the Circuit Court. Baddley presently holds Frazer's funds from the Tiffin Settlement in trust with a claim for attorney's fees.

20.    Starla filed a Motion for Relief From Automatic Stay on May 19, 2005, which this Court stayed contingent upon the Trustee filing an adversary proceeding within thirty days of this Court's order.  (Case No. 02-30767, ECF Doc. 71, 78).

21.    The Trustee filed this Adversary Proceeding on August 12, 2005, seeking: (1) a declaratory judgment that the Tiffin Stock and the Residence are property of Price's Chapter 7 Bankruptcy estate; and (2) turnover of said property pursuant to 11 U.S.C § 542. (ECF Doc. 1.)  In order to recover the Residence or the Stock, the Trustee must prove that the Divorce Order was a voidable transfer under 11 U.S.C. § 544 or § 548.

22.    Starla filed a Motion to Dismiss on September 14, 2005, which this Court denied.  (ECF Doc. 8, 18.)

23.    Starla filed a Motion for Summary Judgment Based Upon the Statute of Limitations on December 28, 2005.  The Trustee's Response acknowledged that 11 U.S.C. §546 bars the Trustee's claims but argued that the statute of limitations

should be equitably tolled.  This court denied Starla's Motion for Summary Judgment on February 13, 2006.

24.  17.  The Trustee amended her Complaint on March 13, 2006 to include a cause of action of alleged violation of the Alabama Fraudulent Transfer Act, Ala. Code § 8-9A-4 (ECF Doc. No. 59).

25.  On April 11, 2006, the Bankruptcy Court ordered Frazer to identify all issues she contends are triable to a jury with appropriate citations thereto by May 11, 2006.

26.  On April 14, 2006, Frazer answered the Trustee's Amended Complaint.

27.  Frazer filed a Motion for Summary Judgment on May 1, 2006.  The Trustee's response is due June 10, 2006.

28.  Discovery must be completed by June 1, 2006 and the dispositive motion deadline is June 10, 2006.  (Case No. 05-3063, ECF Doc. No. 87).  There is a pretrial conference scheduled for June 27, 2006 and trial is set to begin on August 21, 2006. (Case No. 05-3063, ECF Doc. No. 69).

I.  **WITHDRAWAL OF THE REFERENCE IS MANDATORY BECAUSE FRAZER POSSESSES THE ABSOLUTE RIGHT TO A JURY TRIAL**

Pursuant to 28 U.S.C. § 1334(a) the District Court also has original and exclusive jurisdiction over all cases under Title 11.  The District Court may refer to bankruptcy judges any cases arising under Title 11 as well as related

proceedings.  <u>See</u> 28 U.S.C. § 157(a).  Under this authority, the Middle District of Alabama, through a general order adopted by the District Court, has referred all cases under Title 11 as well as related proceedings to the bankruptcy judges of the Middle District.  That order provides that:

> "all cases under Title 11, United States Code, and all proceedings arising under Title 11, United States Code, or arising in or related to a case under Title 11 shall be referred to the bankruptcy judges for this district."
>
> <u>See</u> General Order of Reference, April 25,1985.

Unless the parties consent, where there is the right to a jury trial, a district court <u>must</u> withdraw adversary proceedings referred to the bankruptcy court pursuant to 28 U.S.C. § 157(a).  <u>See</u> 28 U.S.C. § 157(e) which provides:

> If the right to a jury trial applies in a proceeding that may be heard under this section by a bankruptcy judge, the bankruptcy judge may conduct the jury trial if specially designated to exercise jurisdiction by the district court and with the express consent of all the parties.
>
> <u>See</u> <u>Northern Pipeline Const. Co. v. Marathon Pipeline Co.</u>, 458 U.S. 50 (1982); <u>Malone v. Norwest Financial California, Inc.</u>, 245 B.R. 389, 400-01 (E.D. Cal. 2000); 28 U.S.C. § 157(e).

Frazer does not consent to a jury trial in bankruptcy court. Frazer requests that any jury trial be conducted in the District Court.  Because Frazer is entitled to a jury trial on all claims in this case, withdrawal of the reference is mandatory.

3413.4                              9

The Seventh Amendment to the United States Constitution provides: "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved…." "Suits at common law" refers to (1) suits involving legal rights, as opposed to equitable rights; and (2) actions brought to enforce statutory rights that are analogous to common law causes of action ordinarily decided in English law courts in the late 18th century. Granfinanciera v. Nordberg, 492 U.S. 33, 42 (1989).

Two questions resolve the issue of whether a particular claim entails a right to trial by jury: first, whether the action or its analog was historically tried to juries at the time the Seventh Amendment was adopted in 1791; and then, second, whether the relief sought is legal or equitable in nature." Malone, 245 B.R. at 399 (citing Tull v. United States, 481 U.S. 412 (1987)).

> In Granfinanciera, the Supreme Court articulated a two part test for journaling such distinction: "First, we compare the statutory action to eighteenth century actions brought in the courts of England prior to the merger of the courts of law and equity. Second, we examine the remedy sought and determine whether it is legal or equitable in nature."
>
> RDM Sports Group, Inc. v. Equitex, Inc., 260 B.R. 915, 919 (N.D. Ga. 2001) (citing Granfinanciera, S.A. v. Nordberg, 492 U.S. 33, 42 (1989) (quoting Tull v. United

States, 481 U.S. 412, 417-18 (1987)).

The Supreme Court also noted that the "second stage of this analysis the relief sought is more important than the first." Granfinanciera, 492 U.S. at 42.

The Trustee has sued Starla alleging a fraudulent transfer of the Tiffin Stock pursuant to the Alabama Fraudulent Conveyance Act. For her relief, the Trustee requested that the Bankruptcy Court avoid the transfer and enter judgment for the Trustee awarding the Tiffin Stock Certificate and the funds in Baddley's escrow account to Price's bankruptcy estate. (Case No. 05-3063, Doc. No. 59, Amended Complaint at pp. 5-6.) Frazer has a right to have a jury adjudicate whether Price's transfer of the Tiffin Stock was fraudulent. Granfinanciera, 492 U.S. 33. Additionally, the Trustee seeks a monetary judgment, which also entitles Frazer to a trial by jury.

> Where an action is simply for the recovery and possession of specific real or personal property, or for the recovery of a money judgment, the action is one at law. An action for the recovery of real property, including damages for withholding it, has always been of that class. The right which in this case the plaintiff wishes to obtain is possession and enjoyment; and in a contest over the title both parties have a constitutional right to call for a jury.

> Granfinanciera, 492 U.S. at 46, n. 5.

It is unnecessary to determine whether Frazer is entitled to a jury trial of Counts I and II. In Counts I and

II, the Trustee seeks a declaratory judgment that the Tiffin Stock and the Residence are property of Price's Chapter 7 estate and requests a turnover pursuant to 11 U.S.C. § 542. The state court entered and recorded the Divorce Order pre-petition, effectively transferring the Debtor's interest in the Tiffin Stock and the Residence to Starla. Absent proof of an actionable fraudulent transfer, the Trustee's claims must be dismissed and the state court's order honored.

> "Absent the express consent of all parties to a particular count, the bankruptcy court may not conduct a jury trial as to that count. Here, the plaintiff clearly is entitled to a jury trial as to at least one count of its complaint, a count for breach of contract, and therefore the adversary proceeding must be tried to a jury." (citations omitted)

> > Wilson v. ENC Mortgage Corp. (In re Wilson), Bankruptcy No. 0016925, Adversary No. 04-1276, 2005 WL 3320594, at *1 (October 17, 2005 Bankr. D. Mass.)

> [T]his court finds that debtors are entitled to a jury trial on these causes of action under the Seventh Amendment, and thus, this proceeding must be transferred to the United States District Court.

> > Walton v. AG Credit, ACA (In re Walton), 158 B.R. 939, 942 (Bankr. N.D. Ohio 1993)

Frazer has demanded a jury trial of all claims and issues in this Adversary Proceeding. As such, withdrawal of the reference is mandatory.

## II.  <u>FRAZER'S MOTION TO WITHDRAW REFERENCE IS TIMELY</u>

If a party has rightfully demanded a jury trial and does not consent to the jury trial in bankruptcy court, the District Court is required to withdraw its previous, automatic referral of the case to the bankruptcy court either on its own or upon a party's "timely" motion. 11 U.S.C. § 157(d).

The Trustee filed her original complaint in this adversary proceeding on August 12, 2005. The Trustee's original complaint did not allege that the transfers of the Tiffin Stock and the Residence were fraudulent. Frazer's original answer contained a timely jury demand. Frazer filed a motion to dismiss and a summary judgment alleging, among other things, that absent the fraudulent transfer allegations, the Trustee's Complaint failed to state a claim for which relief could be granted. In December of 2005, the Trustee moved the Court to strike Frazer's jury demand without support or citation. The Trustee amended her complaint on March 13, 2006 to include a claim that the transfer of the Tiffin stock was fraudulent under the Alabama Fraudulent Transfer Act. On April 11, 2006, before Frazer answered the Trustee's amended complaint, the Bankruptcy Court, *sua sponte*, ordered Frazer to set forth the allegations for which she alleged the right to a jury trial by May 11, 2006. Frazer's Amended Answer, filed April 14, 2006, also contained a timely jury demand. Frazer filed this Motion to Withdraw the

Reference simultaneous with her Response to the Trustee's request to strike Frazer's jury demand.

Frazer asserts that the proper time to file a motion to withdraw the reference is upon completion of all pretrial issues. Congress can delegate pre-trial functions to the Bankruptcy Courts without infringing upon a party's right to a jury trial. City Fire Equipment Co., Inc. v. Ansul Fire Protection Wormald U.S., Inc., 125 B.R. 645 (N.D. Ala. 1999). "The appropriateness of removal of the case to a district court for trial by jury, on asserted Seventh Amendment grounds, will become a question ripe for determination if and when the case becomes trial ready." Michaelesco v. Shefts, 303 B.R. 249, 253 (D. Conn. 2004) (citing In re Adelphi Institute, Inc., 112 B.R. 534, 538 (S.D.N.Y. 1990)).

The Middle District of Alabama, however, does not have a local rule determining when to file a timely motion to withdraw the reference. There is no binding precedent determining the appropriate time. Because the Bankruptcy Court ordered Frazer, *sua sponte*, to assert her grounds for her jury demand prior to conclusion of all pretrial issues, Frazer, in an abundance of caution, is filing this motion simultaneously.

### III. <u>FRAZER HAS NOT VOLUNTARILY RELINQUISHED A KNOWN RIGHT TO A JURY TRIAL.</u>

It is anticipated that the Trustee will allege that Frazer has magically converted the Trustee's legal claims into equitable claims by filing a compulsory counterclaim against the Estate in Bankruptcy Court and has thereby consented to a trial without a jury.

> "[L]egal claims are not magically converted into equitable issues by their presentation to a court of equity," *Ross v. Bernhard*, 396 U.S. 531, 538, 90 S.Ct. 733, 738, 24 L.Ed.2d 729 (1970), nor can Congress conjure away the Seventh Amendment by mandating that traditional legal claims be brought there or taken to an administrative tribunal.
>
> <u>Granfinanciera</u>, 492 U.S. at 52.

Congress may only deny a party its constitutional right to a jury trial if the legal cause of action involves public rights. <u>Id.</u> at p. 2796. "If the right to a jury trial depends upon the forum which Congress has chosen, Congress could utterly destroy the right by always providing for administrative resolution." <u>Beard v. Braunstein</u>, 914 F. 2d 434, 440 (3rd Cir. 1990). "Waivers of valid jury demands are not to be lightly inferred, and waivers should be scrutinized with utmost care." <u>Haynes v. W.C. Cave & Co., Inc.</u>, 52 F.3d 928 (11th Cir. 1995).

### A. <u>Frazer's Counterclaim Is Not Equivalent to a Proof of Claim</u>

Frazer's counterclaim is not equivalent to a proof of claim. First, one's voluntary assertion of a proof of claim

against the Estates is a voluntary submission to the bankruptcy court's jurisdiction. Langenkamp v. Culp, 498 U.S. 1042, 44 (1990). A proof of claim is voluntary, but a compulsory counterclaim is not. A waiver of constitutional rights must be both knowing and voluntary. See e.g., Parke v. Raley, 506 U.S. 20, 28-29 (1992); In re NDEP Corp., 203 B.R. 905 (D.Del. 1996); In re Data Compass Corp., 92 B.R. 575, 578 (Bankr. E.D.N.Y. 1988). Congress cannot force Frazer to choose between a valid defense, which she asserted as a declaratory counterclaim, and her Constitutional right to a jury trial.

Second, Frazer's counterclaim is not a request for any portion of the res. Frazer is not seeking an affirmative recovery from Price's bankruptcy estate. Frazer's counterclaim is comparable to an affirmative defense:

> "It is a claim against the Trustee and Baddley to determine the extent and priority liens in the event the Court erroneously determines that the Trustee possesses any interest in the Tiffin Stock, which Starla disputes."
>
>> (Case No. 05-3063, ECF Doc. No. 80, Amended Answer, Crossclaim and Counterclaim, p. 7-8, ¶10.)

The Divorce Order states that if the stock is not effectively transferred to Frazer, Frazer has a judicial lien upon the Tiffin Stock and any funds payable to Price from the Tiffin litigaiton. (Case No. 02-30767, ECF Doc. No. 71, Frazer Motion for Relief of Automatic Stay, Exh. A) It would have been

malpractice for Frazer's attorneys to fail to allege that the adjudication of the fraudulent transfer is unnecessary because Frazer has a judicial lien on the Tiffin Stock.

Moreover, Frazer's counterclaim did not trigger the process of allowance and disallowance of claims.

> "[W]hen a proof of claim is filed, the process of allowance and disallowance of claims is triggered. On the contrary, when the trustee or debtor files an action and there is a timely jury demand along with the assertion of counterclaims, then those counterclaims are part of the "the jury process" rather than the process of allowance and disallowance of claims.

In re NDEP Corp., 203 B.R. 905.

The filing of a proof of claim is a necessary condition for the claims allowance process to begin. In re NDEP Corp., 203 B.R. 905, 912 (citing Germain v. Connecticut Nat'l Bank 988 F.2d 1323, 1327 (2d Cir. 1993). Congress created the claims allowance process for the purpose of efficient and expedient processing of claims. A party that enjoys the benefit of having a more efficient and expedient adjudication of their claims against an estate has voluntarily and knowingly submitted to bankruptcy jurisdiction and waived its right to a jury trial. See Id. Frazer's adjudication of her compulsory counterclaim (which is defensive in nature) has not been efficient or expedient.

Frazer paid approximately $350,000 of joint debt that the Divorce Order required price to pay. Frazer did not file a proof of claim for those pre-petition debts.

**B.   Frazer's Counterclaim Was Compulsory and Therefore Was Not a Voluntary Relinquishment of Her Right to a Jury Trial.**

It is anticipated that the Trustee will claim that Frazer submitted to the jurisdiction of the bankruptcy court by filing a compulsory counterclaim against the Trustee, thereby waiving her Seventh Amendment right to a jury trial. Congress may not force a party to choose between waiving a valid claim or defense or waiving her right to a jury trial. Beard v. Braunstein, 914 F. 2d 434, 440 (3rd Cir. 1990). "The better rule… is that defendant does not waive objections to jurisdiction and venue by asserting a compulsory counterclaim." Id. (citing 6 Wright, Miller & Kane, Federal Practice and Procedure Civil 2d § 1416 at 125 (1990)); In re Kaiser Steel Corp. v. Frates, 911 F.2d 380 (10th Cir. 1990). "A finding that a defendant has waived his objections to jurisdiction and venue by interposing a compulsory counterclaim "is something less than fair play." Id. (citing Dragor Shipping Corp. v. Union Tank Car Corp., 378 F. 2d 241, 244 n. 4 (9th Cir. 1967).

Fed. R. Bankr. 7013 provides that F. R. Civ. P. 13 regarding compulsory counterclaims applies in adversary proceedings when a party is sued by a trustee and the claim

arose post-petition.  The Trustees have sued Starla to recover for Price's allegedly fraudulent transfer of the Tiffin Stock. Frazer counterclaimed against the Trustee for a declaratory judgment that Frazer's judicial lien upon the Tiffin Stock defeats any fraudulent transfer claim by the Trustee.  Frazer's counterclaim against the Trustee could not arise pre-petition, because the estate that the Trustee seeks to supplement with Frazer's property was not in existence pre-petition.  Frazer's counterclaim is compulsory.  If the "conversion theory" is applicable, Congress has abridged Frazer's Seventh Amendment right by forcing Frazer to choose between a valid claim for which she utilized as a defense and her Constitutional right to a jury trial.

The right to a jury trial is not waived unless it is voluntary.  The 11th Circuit has not decided whether the filing of a counterclaim impliedly waives the fundamental right to a jury trial.  The lower courts' decisions are in a state of flux, thus the filing of a counterclaim cannot be a knowing and intelligent relinquishment of a constitutional right.


/s/ David B. Anderson_____
David B. Anderson
Deanna L. Weidner
Attorneys for Starla Frazer


3413.4                               19

```
OF COUNSEL:
```

WALSTON, WELLS, ANDERSON & BIRCHALL, LLP
One Federal Place
1819 5th Avenue North, Suite 1100
Birmingham, AL  35203
Phone:  205-244-5200
Fax:  205-244-5400

## CERTIFICATE OF SERVICE

     I hereby certify that a copy of the above and foregoing Motion to Withdraw Reference and Transfer to District Court has been duly served upon counsel of record electronically and/or by mailing same by United States mail, properly addressed and postage prepaid, to the following:

     Ms. Teresa R. Jacobs
     U. S. Bankruptcy Administrator
     One Church Street
     Montgomery, AL  36104

     Ms. Susan S. DePaola
     1726 West Second Street, Suite B
     Montgomery, AL  36106

     Mr. Charles N. Parnell, III
     Parnell & Crum, P.A.
     P. O. Box 2189
     Montgomery, AL 36102

     Mr. Von G. Memory
     Memory & Day
     P. O. Box 4054
     Montgomery, AL 36101

     Mr. André M. Toffel
     Toffel & Altmann
     Farley Building, 4th Floor
     1919 3rd Avenue North
     Birmingham, AL  35203

     This the 11th day of May, 2006.

/s/ David B. Anderson_____
Of Counsel