# Appendix 1

# Exhibit A

.0

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

IN RE:                          )
                                )    BANKRUPTCY CASE NO.
STEPHEN L. PRICE,               )
                                )    02-30767
          Debtor.              )    CHAPTER 7
_____ )
                                )
SUSAN S. DEPAOLA, TRUSTEE,      )
                                )    ADVERSARY PROCEEDING NO.
          Plaintiff,            )
                                )    05-03063
vs.                             )
                                )
STEPHEN L. PRICE and STARLA     )
WATSON PRICE FRAZER,            )
                                )
          Defendants.           )

## STARLA FRAZER'S MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT THEREOF

Comes Now Starla Watson Frazer ("Starla") and for her Motion for Summary Judgment and Memorandum in Support Thereof asserts the following:

This matter is before the Court on a Complaint filed by the Chapter 7 Trustee incident to the bankruptcy case of Stephen L. Price ("Price"). The Trustee's Complaint against Starla alleges a fraudulent transfer under the Alabama Fraudulent Act, Ala. Code § 8-9A-4, for which the Trustee must utilize 11 U.S.C. § 544.

2091.10

## FACTUAL BACKGROUND

1.    Starla and the Debtor, Stephen Price ("Price"), were married for thirteen years.    (Memorandum Opinion p. 2.) Starla filed for divorce in DR-2001-126 in the Circuit Court of Montgomery County on February 2, 2001 (the "Divorce Action"). Id. On August 2, 2001, six months after filing the Divorce Action, Starla and Price agreed upon the terms of the divorce and entered into a Marital Settlement Agreement ("Divorce Agreement") (Starla Motion for Relief From Automatic Stay, Exh. A).    On August 8, 2001, Judge John C. Capell entered a final non-appealable order granting Starla's petition for divorce, incorporating the Divorce Agreement and ordering the parties to comply with the Divorce Agreement (the "Divorce Order"). (Frazer Motion for Relief From Automatic Stay, Exh. B; Adversary Proceeding for Declaratory Judgment Fed R. Bankr. 7001 (1 and 9) and Demand for Turnover of Property, 11 U.S.C. § 542 ("Trustee AP"), ¶ 6).

2.    One of Price's assets was 250 shares of stock in Tiffin Motors Homes, Inc. (the "Tiffin Stock") (Starla Motion for Relief From Automatic Stay, Exh. C).    The Divorce Order transfers title to the Tiffin Stock to Starla.

> "[Starla] "shall be the absolute owner of the stock in Tiffin Motor Homes, Inc. which is presently titled in the Husband's name. The Husband shall immediately execute any and all documents which are necessary to

2091.10                              2

> convey all right[s], title and interest
> therein to Wife to be her's absolutely."

(Starla Motion for Relief From Automatic Stay, Exh. A at ¶ 19).

> <u>Divesting of Property Rights:</u> Except as
> otherwise provided for in this "Marital
> Settlement Agreement", each party shall be
> divested of and each party waives, renounces
> and gives up all right, title, and interest
> in and to the property awarded to the other.

(Starla Motion for Relief From Automatic Stay Exh. A at ¶ 22).

3.    The Divorce Decree also transferred to Starla all right, title and interest to the residence in Steamboat Springs, Colorado (the "Residence"). (Trustee AP, ¶ 7.)

4.    On March 11, 2002, over a year after Starla filed for divorce, Price filed for Chapter 11 relief and voluntarily converted to Chapter 7 on April 24, 2002.  (Trustee AP, ¶ 5.) Susan DePaola, the Plaintiff and Counterclaim Defendant, was appointed Trustee on May 6, 2002 (the "Trustee"). (Trustee AP ¶ 5.)

5.    On March 11, 2002 Price notified the Trustee of the Divorce Decree (and the transfer of assets to Starla recited therein) in the Debtor's Statement of Financial Affairs. (Case No. 02-30767, ECF Doc. 2, ¶ 10.)  Price also listed the allegedly concealed lawsuit involving the Residence filed by secured creditor, Great Plains Transportation, in his Statement of Financial Affairs (Case No. 02-30767, ECF Doc. 2, ¶ 4.)

6.    On May 2, 2002, during Price's  § 341, First Meeting of Creditors, Price was questioned about potential preferential transfers and equity in the Residence.  (Case No. 02-30767, ECF Doc. 39.)  The Trustee's notes reflect "Equity in home. Preferential transfer". <u>Id.</u>

7.    On July 8, 2002, the Trustee corresponded with William Hibbard, counsel for Great Plains Trucking, Inc., admitting knowledge of the transfers from Price to Starla pursuant to the Divorce Decree and stating that the Trustee will decide whether to pursue any alleged fraudulent transfer by July 19, 2002.  (Trustee correspondence, attached hereto as Exhibit A.) ("As I indicated to you, I have been examining the divorce settlement agreement…").)

8.    Von G. Memory ("Memory"), present counsel for the Trustee, previously represented Trust Bank as one of Price's Chapter 7 creditors.  On July 26, 2002, while representing Trust Bank, Memory filed a Motion to Extend Time to File an Adversary Proceeding for the purpose of examining Price under oath regarding transfer's made pursuant to the Divorce Decree and the assets of Price's estate. (Case No. 02-30767, ECF Doc. 37.) This Court granted the motion to extend time, but ordered that all interested parties may file a complaint to object to Price's discharge no later than October 21, 2002. (Case No. 02-30767, ECF Doc. 49.)

9. Price was examined under oath and testified on at least four occasions regarding the assets of his estate. (Case No. 02-30767, ECF Doc. 44, Price Motion in Opposition to Trust Bank's Motion to Expand Time to File an Adversary Proceeding.)

10. On October 22, 2002, the day following the deadline to object to Price's discharge, the Trustee moved to employ Memory as special counsel "for the purpose of recovering possible priorities paid to an attorney and to Starla [Frazer]." (Case No. 02-30767, ECF Doc. 50, ECF DOC. 51, Response of Bankruptcy Administrator on Trustee's Application to Employ Professional Person.)

11. The Debtor was discharged on January 8, 2003. (Case No. 02-30767, ECF Doc. 54.) The Trustee reviewed the case 11 times between April, 2003 and June, 2004, whereby each time she determined that the case could not be closed because of possible assets. Finally, on June 15, 2004, the Trustee issued a Final Report of No Distribution. The Trustee was discharged and the case was closed on June 21, 2004. (Case No. 02-30767, ECF Doc. Report; Doc. 57-59.)

12. Six Months later, on December 21, 2004, the Trustee moved to re-open Price's Chapter 7 case to investigate Price's transfer of the Tiffin Stock to Starla, despite having knowledge of the transfer for over two years. (Case No. 02-30767, ECF Doc. 60.

13.  Starla filed a Motion for Relief From Automatic Stay on May 19, 2005, which this Court stayed contingent upon the Trustee filing an adversary proceeding within thirty days of this Court's order.  (Case No. 02-30767, ECF Doc. 71, 78.)

14.  The Trustee filed this Adversary Proceeding on August 12, 2005, seeking: (1) a declaratory judgment that the Tiffin Stock and the Residence are property of Price's Chapter 7 Bankruptcy estate; and (2) turnover of said property pursuant to 11 U.S.C § 542. (ECF Doc. 1.)

15.  Starla filed a Motion to Dismiss on September 14, 2005, which this Court denied.  (ECF Doc. 8, 18.)

16.  Starla filed a Motion for Summary Judgment Based Upon the Statute of Limitations on December 28, 2005.  The Trustee's Response acknowledged that 11 U.S.C. §546 bars the Trustee's claims but argued that the statute of limitations should be equitably tolled.  This court denied Starla's Motion for Summary Judgment on February 13, 2006.

17.  The Trustee amended her Complaint on March 13, 2006 to include a cause of action of alleged violation of the Alabama Fraudulent Transfer Act, Ala. Code § 8-9A-4 (ECF Doc. No. 59).

## INTRODUCTION

The state court entered and recorded the Divorce Order pre-petition, effectively transferring the Debtor's interest in the Tiffin Stock and the Residence to Starla four and one-half years ago. Price filed his petition for bankruptcy nearly four years ago, yet the Trustee has not alleged a fact, nor provided any evidence that would support an allegation of collusion, which is required to avoid the Divorce Order. Absent proof of an actionable fraudulent transfer, the Trustee's claims must be dismissed and the state court's order honored. The Trustee has had knowledge of the pendency of a minority shareholders' action relating to the Tiffin Stock for at least three years and has had knowledge of the transfer of Price's portion of the Residence for at least four years. (Plaintiff's Response to Starla's MSJ, Exh. B, Parnell letter).

The statute of limitations for a fraudulent transfer action has run. The Trustee has had ample time to discover any existing evidence establishing that the divorce settlement agreement was somehow fraudulent. No such evidence has been presented and summary judgment is due to be granted in Starla's favor as a matter of law.

**ARGUMENT**

I.    **SUMMARY JUDGMENT STANDARD**

The summary judgment standard is stated as follows in Bryant v. Cruises, Inc., 6 F.Supp. 2d 314, 1317 (N.D. Ala. 1998):

> The moving party has the initial burden of showing the absence of a genuine issue as to any material fact. Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed. 2d 202 (1986)). In determining whether this burden is met, the court must view the evidence "and all factual references arising from it in the light most favorable to the nonmoving party." Id. (quoting Adickes v. S.H. Kress & Co., 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed. 2d 142 (1970)).

Once the movant's initial burden is met, "the burden shifts to the nonmovant to 'come forward with specific facts showing that there is a genuine issue for trial.'" Id. (quoting Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986)). In meeting its burden a "mere 'scintilla' of evidence supporting the [nonmoving] party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990) (citing Anderson, 477 U.S. at 242, 106 S.Ct 2505, 91 L.Ed.2d 202). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there

is no genuine issue for trial." <u>Matsushita</u>, 575 U.S. at 587, 106 S.Ct. at 1356 (citation omitted).

## II.  <u>THE TRUSTEE MUST PROVE COLLUSION TO AVOID THE STATE COURT'S ORDER.</u>

Absent proof of collusion between Price and Starla, the Trustee's claims must be dismissed.  A debtor's estate in bankruptcy comprises all property in which the debtor has "legal or equitable interests" at the time the bankruptcy petition is filed.  11 U.S.C. §541(a).  The Divorce Order granted absolute ownership of the Tiffin Stock and the Residence to Starla on August 8, 2001.  (Starla Motion for Relief From Automatic Stay, Exh. A, ¶¶ 19, 6.)  As a matter of law, Price did not have a legal or equitable interest in the Tiffin Stock or the Residence on March 11, 2002, the date he filed his petition.  (Starla Motion for Relief From Automatic Stay, Exh. A, ¶¶ 19, 6.) Absent a showing of collusion, once a divorce decree is entered, the transferor of property no longer has an interest in that property. <u>McGregor v. Grace</u> (<u>In re Grace</u>), Ch. 7 Case No. 99-2316-WRS, Adv. No. 99-132-WRS (Bankr. M.D.Ala. June 22, 2000)(Sawyer, J.); <u>Moretz v. Moretz</u>, No. 95-41767, 1996 WL 33401174, at *3 (Bankr. S.D.Ga. June 10, 1996) (explaining that if a final decree of divorce had been entered at the time the bankruptcy petition was filed, then the trustee's strong arm

power granted in 11 U.S.C. § 544(a) would not prevail); <u>Davis vs. Cox</u>, 356 F.3d 76, 84 (1st Cir. 2004).

In the case of <u>In re Golden</u>, Ch. 7 Case No. 00-07110-DHW (Bankr. M.D. Ala. June 18, 2004) (No. 200), the parties filed for divorce prior to the husband's petition for bankruptcy. Distinguishing the facts there from those in this case, this Court commented:

> "[t]he state court, however, had neither granted the divorce nor made any order affecting the distribution of marital assets by the time the bankruptcy petition was filed. Had it done so, this court would not, absent a showing of collusion or other fraud, upset that distribution. The debtor, as of the date of the filing, would no longer have had an interest in the property."

<u>Id.</u>; <u>see also</u> <u>In re Marchman</u>, 263 B.R. 859, 862 (Bankr. M.D. Ala. 2001); Trustees Brief Filed by Von G. Memory at 5, <u>In re Golden</u>, Ch. 7 Case No. 00-07110-DHW (Bankr. M.D. Ala. June 18, 2004) (No. 191) ("[The non-debtor spouse] seems to be a clear cut winner if the domestic action was initiated and concluded prior to the bankruptcy").

Price's failure to record the transfer of the Tiffin Stock to Starla is of no consequence. In the case of <u>Grace v. Grace</u>, the deed to the real estate was not executed or recorded until after the husband filed a Chapter 7 case. This Court, however, reasoned that "[i]t was entry of the divorce decree and

not execution or recordation of the Clerk's deed which served to transfer title." _Id._ Therefore, "[a]s that interest was never part of the estate, it follows that there was not a transfer of an interest of property of the estate which may be avoided by the Trustee." _Id._

Similarly, the Divorce Order expressly divested title and declared Starla to "be the absolute owner" of the Tiffin Stock and the Residence. The Divorce Order compelled Price to execute all necessary documents. As in _Grace_, Price's failure to execute a formal assignment of the Tiffin Stock was not material. In _Grace_, this Court explained:

> "[t]hat [the debtor-husband] disobeyed a court order did not vest him with a property right, lost on January 7, 1997, when the divorce decree entered. That the Trustee would attempt to make an argument that the estate has a property interest in the house by virtue of [the debtor-husband's] contemptuous, if not criminal, behavior is patently outrageous."

The Tiffin Stock and the Residence were transferred to Starla pre-petition, thus they are not part of Price's estate, absent a viable claim of collusion by the Trustee which avoids the Divorce Order.

## III. <u>ANY FRAUDULENT TRANSFER ACTION IS BARRED BY THE STATUTE OF LIMITATIONS</u>.

A trustee has a duty to diligently investigate assets of the debtor's estate. 11 U.S.C §§ 704(1),(4). The Trustee in

this case had ample opportunity to investigate any alleged fraudulent transfer, the Trustee was aware of the transfer of the Residence and the Tiffin Stock, and yet, the Trustee failed to file a complaint within the applicable statute of limitations.

The purposes of a statute of limitations are to insure finality and to prevent the assertion of stale claims. United States v. Kubrick, 444 U.S. 111, 117 (1979). ("Statutes of Limitations … represent a pervasive legislative judgment that it is unjust to fail to put the adversary on notice to defend within a specified period of time and that the right to be free of stale claims in time comes to prevail over the right to prosecute them."). The Trustee admits that "[a] literal interpretation of [§ 546] would preclude recovery in this case." (Plaintiff's Response to Starla's MSJ at pp. 11-12).

**A.    The Trustee's Claims are barred by the Statute of Limitations Set Forth in 11 U.S.C § 546(a)**

The Divorce Decree transferred all rights, title and interest in the Tiffin Stock and the Residence to Starla six months before Price filed bankruptcy. (Starla Motion for Relief From Automatic Stay, Exh. A, ¶ 19.) Absent a showing of collusion, the Tiffin Stock and the Residence are not property of the estate and are not subject to a turnover action. 11

U.S.C. § 542.   Any allegation of collusion is time barred pursuant to 11 U.S.C § 546(a):

> An action or proceeding under section 544, 545, 547, 548 or 553 of this title may not be commenced after the earlier of-
>
> > (1)  the later of
> >
> > > (A)  2 years after the entry of order for relief; or
> > >
> > > (B)  1 year after the appointment or the election of the first trustee under section 702… or
> >
> > (2)  the time the case is closed or dismissed.

Applying § 546(a) to the facts at issue establishes that the Trustee filed her complaint after the statute of limitations passed, thus the Trustee's claims are barred as a matter of law:

(1)  The order for relief was entered on March 11, 2002.  (Case No. 02-30767, ECF Doc. 1.)  Two years after that date is March 11, 2004. (2)  The Trustee was appointed on May 6, 2002.  (Case No. 02-30767, ECF Doc. 26.)  One year after that date is May 6, 2003. (3) The later of these dates is March 11, 2004. (4) The bankruptcy case was closed on June 21, 2004. (Case No. 02-30767, ECF Doc. 59.)   The earlier of these two dates is March 11, 2004.

Therefore, the statute of limitations expired on March 11, 2004.   The Trustee's Complaint was not filed until August

12, 2005, which is more than one year beyond the date the statute of limitations expired.  (ECF Doc. 1.)

**B.    The Trustee's Claims Under The Alabama Fraudulent Transfer Act are Subject to the Statute of Limitations Set Forth in 11 U.S.C. § 546(a).**

The Bankruptcy Code's statute of limitation period is applicable, even to the Trustee's claim under § 544 and state fraudulent transfer law.  In re Naturally Beautiful Nails, Inc., 243 B.R. 827, 829 (M.D. Fla. 1999).  "As long as the state law statute of limitations has not run before the debtor's filing for bankruptcy, the trustee can bring a fraudulent conveyance action as long as he complies with the provisions of Section 546."  In re Naturally Beautiful Nails, 243 B.R. at 829.

For instance, in Gerardo, the court concluded that a suit brought by the trustee under the Illinois Uniform Fraudulent Transfer Act, which had a four year statute of limitations, was governed by § 546(a), not the state law statute of limitations.  The court explained that the action by the Trustee to avoid the transfer under state law necessarily involves an assertion of the Trustee's rights under 11 U.S.C. § 544(b).  In re Gerardo Leasing, Inc., 173 B.R. 379, 386 (Bankr. N.D. Ill. 1994) citing In re Martin, 142 B.R. 260, 265-66 (Banrk. N.D. Ill. 1992).  "[A]lthough an action under § 544(b) is based on state law, it is still created by the Bankruptcy Code and is not available to a trustee or debtor outside of

bankruptcy." <u>Id</u>.  § 546(a) expressly applies to actions or proceedings under § 544.  11 U.S.C. § 546(a). Therefore, the Trustee's claims to avoid the transfer of the Tiffin Stock and the Residence to Starla under state fraudulent transfer law are, nonetheless, subject to the statute of limitations set forth in 11 U.S.C. § 546(a).

**C.**    **As a Matter of Law, the Statute of Limitations Cannot be Tolled.**

As a matter of law, the statute of limitations under 11 U.S.C. § 546(a) should not be equitably tolled.  <u>See</u> <u>United Ins. Mgmt., Inc. v. Matsumoto</u>, 14 F.3d 1380, 1389, 1385 (9th Cir. 1999) (holding that when the application of the equitable tolling doctrine turns on the trustee's diligence in discovering the cause of action that courts may hold as a matter of law that the doctrine does not apply.) Under the doctrine of equitable tolling, the statute runs if "the plaintiff either acquires actual knowledge of the facts that comprise his cause of action or should have acquired such knowledge through the exercise of reasonable diligence after being apprised of sufficient facts to put him on notice." <u>Naturally Beautiful Nails, Inc. v. Bay Area Capital, Inc.</u>, 243 B.R. 827, 829 (Bankr. M.C. Fla. 1999); quoting <u>In re Candor Diamond Corp.</u>, 76 B.R. 342, 350 (Bankr. S.D. N.Y. 1987).  In this case the Trustee admits she knew of

the Divorce decree and the cause of action concerning the Tiffin Stock.

To be entitled to equitable tolling, the Trustee must ascertain under an objective standard, that she acted with reasonable diligence to discover the alleged fraud. United Ins. Agent, Inc., 14 F.3d at 1385-86.

> Because a Chapter 7 trustee has a statutory obligation to investigate the financial affairs of the debtor, collect and reduce to money the property of the estate, and close such estate as expeditiously as is compatible with the best interests of parties in interest, equitable tolling requirement of diligence is particularly acute in the bankruptcy context.

Id. quoting 11 U.S.C. § 704 (1), 94) (internal quotations omitted). The failure to perform these duties nullifies the Trustee's ability to utilize the equitable tolling doctrine. Id.

In United Ins. Agent, the court held that the statute of limitations under § 546(a) barred the trustee's claim of a fraudulent transfer and refused to apply the equitable tolling doctrine because the trustee failed to prove he had acted with reasonable diligence. Id. The trustee took an oral examination of the debtor and unsuccessfully requested the books and records from the debtor. The court noted that the trustee never took additional steps to obtain the debtor's books and records, nor ever sought information from the debtor's auditor. Id. at 1386.

Just as in <u>United Ins. Mgmt.</u>, the Trustee has failed to prove that she has acted diligently. For example, the Trustee complains that information regarding the Tiffin Litigation (i.e., the "value" of stock in litigation) has been concealed, however, the Trustee has not proven that she investigated the value of the tiffin Stock in litigation. Had the Trustee contacted Baddley in October, 2002 when she was aware of Price's participation in the Tiffin Litigation, Baddley would had have to been approved to represent the estate as special counsel or to acknowledge Starla's right to the Tiffin Stock. <u>See</u> 11 U.S.C. § 327(e); (Plaintiff's Response to Starla's MSJ, Exh. B, p. 1-2). As a matter of law, the statute of limitations cannot be tolled.

1. **<u>The Trustee had Actual Knowledge of the Transfer she now seeks to Allege as Fraudulent, Thus She Cannot Establish that Any Action by Price or Starla Prevented Her from filing a Fraudulent Transfer Action.</u>**

Under the doctrine of equitable tolling, the Plaintiff must present evidence that the defendants' conduct in fact prevented the Trustee's fraudulent transfer action from being timely filed. <u>In re Papa's Market Café, Inc.</u>, 162 B.R. 519, 524 (Bankr. N.D. Ill. 1993). The Trustee must be unaware of the alleged fraudulent transfer to toll the statute. <u>See</u> <u>M&L Business Machines</u>, 75 F.3d at 591.

The Trustee was aware of the terms of the pre-petition transfers to Starla with ample time to file an adversary proceeding:

On March 11, 2002 Price notified the Trustee of the Divorce Decree (and the transfer of assets to Starla recited therein) in the Debtor's Statement of Financial Affairs. (Case No. 02-30767, ECF Doc. 2, ¶ 10.) Price also listed the allegedly concealed lawsuit involving the Residence filed by secured creditor, Great Plains Transportation, in his Statement of Financial Affairs (Case No. 02-30767, ECF Doc. 2, ¶ 4.)

On May 2, 2002, during Price's § 341, First Meeting of Creditors, Price was questioned about potential preferential transfers and equity in the Residence. (Case No. 02-30767, ECF Doc. 39.) The Trustee's notes reflect "Equity in home. Preferential transfer". Id.

The Trustee was aware of the litigation involving Great Plains and knew that Starla intended to settle or adjudicate her rights to the proceeds of the house by at least July 8, 2002. (Starla's MSJ, Exh. A, Trustee letter.)

The Trustee expressed that she examined the Divorce Settlement Agreement and was suspicious of a potential fraudulent transfer on July 8, 2002. (Starla's MSJ, Exh. A, Trustee letter.) ("I am of the opinion that this transfer is due to be set aside pursuant to 11 U.S.C. § 548 and/or 547, thus justifying the Estate's claim to a portion of the funds. … As I indicated to you, Mr. Price will be returning to court on July 19 [2002] and I will make a final determination on those issues at that time.")

Von G. Memory ("Memory"), present counsel for the Trustee, previously represented Trust Bank, one of Price's Chapter 7 creditors. On July 26, 2002, while representing Trust Bank, Memory filed a Motion to Extend Time to File an Adversary Proceeding for the purpose of examining Price under oath regarding transfer's made pursuant to the Divorce Decree and the assets of Price's estate. (Case No. 02-30767, ECF Doc. 37.) This Court granted the motion to extend time, but ordered that all interested parties may file a complaint to object to Price's discharge no later than October 21, 2002. (Case No. 02-30767, ECF Doc. 49.)

Price was examined under oath and testified on at least four occasions regarding the assets of his

estate.  (Case No. 02-30767, ECF Doc. 44, Price Motion in Opposition to Trust Bank's Motion to Expand Time to File an Adversary Proceeding.)

Even the Trustee's supposed evidence of Price's concealment establishes that the Trustee had actual knowledge of the transfer in time to file an adversary proceeding.  The Trustee cited to a letter dated October 14, 2002, from Nick Parnell ("Parnell") which established that the Trustee was aware of Price's involvement in the Tiffin Litigation.  (Plaintiff's Response to Starla's MSJ, Exh. B, p. 1-2.)  The Trustee appears to claim that Parnell fraudulently misrepresented the value of the Tiffin Stock in litigation based on reliance upon a representation from Price, a nonlawyer, who in turn relied upon a representation from his father, Dr. Grady Price, another nonlawyer.  (Plaintiff's Response to Starla's MSJ, Exh. B, "Stephen tells me, from information he obtained from his father, Dr. Grady Price, who is also one of the minority Shareholders, that the litigation did not go well for the minority shareholders, and that, in essence, Tiffin won.  The stock is paying no dividends … and, at this point, it has an unknown value."

The Trustee has a duty to investigate the affairs of the debtor. 11 U.S.C. § 704. Moreover, it is unreasonable to rely upon the opinion of Grady Price regarding the value of the litigation:

> Neither attorneys, nor trial judges, nor jurors, nor clients can know the results of litigation until after the deliberations of an unbiased trier of fact…. Therefore, the amount that a client will receive when his or her case is finally concluded is something that an attorney [or client] cannot know, and the expression of such an opinion or prediction by an attorney [or client] is something on which no client [or attorney] has a right to rely. Regardless of whether the attorney represents this as an opinion or as a fact, it is not of a character which would justify a reasonable reliance….

Lawson v. Cagle, 504 So. 2d 226, 227-28 (Ala. 1997).

In the October 14, 2002 Parnell letter, Starla offered the Trustee $27,500 for the settlement of the Trustee's claims to any property transferred pursuant to the Divorce Order, including the Residence and the Tiffin Stock. Upon information and belief, the Trustee rejected Starla's [nuisance] offer, yet failed to file a complaint before the limitations period expired.

On October 22, 2002, the day following the deadline to object to Price's discharge, the Trustee moved to employ Memory as special counsel "for the purpose of recovering possible priorities paid to an attorney and to Starla [Frazer]." (Case

No. 02-30767, ECF Doc. 50, ECF DOC. 51, Response of Bankruptcy Administrator on Trustee's Application to Employ Professional Person.)

The Debtor was discharged on January 8, 2003. (Case No. 02-30767, ECF Doc. 54.) The Trustee reviewed the case 11 times between April, 2003 and June, 2004, whereby each time she determined that the case could not be closed because of possible assets. Finally, on June 15, 2004, the Trustee issued a Final Report of No Distribution. The Trustee was discharged and the case was closed on June 21, 2004. (Case No. 02-30767, ECF Doc. Report; Doc. 57-59.)

The Trustee filed this adversary proceeding on August 12, 2005. (ECF Doc. No. 1). The Statute of Limitations in this case is two years. (See Starla's Motion for Summary Judgment based upon Statute of Limitations.) As a matter of law, the Trustee's fraudulent transfer claim is barred by the statute of limitations.

The Trustee may not equitably toll the statute of limitations because she had actual knowledge of the Divorce Order (and the transfers to Starla therein), the Great Plains Litigation and Price's involvement in the Tiffin Litigation more than two years prior to filing this adversary proceeding.

**2.    The Trustee has Failed to Establish that any Alleged Actions by Price or Starla Prevented the Trustee from filing a Complaint Alleging a Fraudulent Transfer.**

The Trustee has alleged the following acts by Starla, without evidentiary support: (1) Starla changed lawyers and did not inform the Trustee that she settled Great Plains Trucking, Inc.'s claims, although the Trustee was well aware of the litigation and had even communicated with the Great Plains attorney (Starla MSJ, Exh. A, Trustee Letter); (2) Starla attempted to assert her rights with regard to the Tiffin Stock, although the Trustee knew the Tiffin Stock was transferred to Starla.  (Plaintiff's Response to Starla's MSJ, Exh. A, July 8, 2002 Trustee Letter).  Neither of the actions of which the Trustee complains prevented the Trustee from filing a Complaint to allege the Divorce Order was fraudulent.

The Trustee alleges the following acts by Price: (1)Price allegedly offered to sell the Tiffin Stock to Tiffin in March, 2002; (2) Price did not list the Stock in his schedules; (3) Price did not list the Tiffin Litigation in his Statement of Financial Affairs; (4) Price did not mention his bankruptcy in his Deposition related to the Tiffin Stock; (5) Price convinced Parnell that the Tiffin Litigation was not going well; and (6) Price treated the stock as his property.  None of these acts prevented the Trustee from filing a complaint to allege the

Divorce Order was fraudulent. The Trustee had reviewed the Divorce Settlement Agreement and had actual knowledge of the pre-petition transfer to Starla of the Tiffin Stock and the Residence (Starla's Motion for Summary Judgment ("Starla's MSJ"), Exh. A, July 8, 2002 Trustee Letter); the Great Plains Litigation (Plaintiff's Response to Starla's MSJ Exh. B)and; Price's involvement in the Tiffin Litigation (Plaintiff's Response to Starla's MSJ, Exh. B).

The Trustee also seems to emphasize Price's legal opinion on the value of the Tiffin Stock in litigation, however, the value is irrelevant to the validity of the transfer of the stock which the Trustee cannot challenge. All rights, title and interest to the Tiffin Stock were legally transferred from Price to Starla on August 8, 2001. Pursuant to Alabama Code § 7-8-302 (a) (1975), a purchaser of a certificated security acquires all rights in the security that the transferor had or had power to transfer. Transfer of the stock was not prohibited, but merely granted Tiffin the right to re-purchase the stock from a transferee. (Motion for Relief from Automatic Stay, Exh. D, Case No. 02-30767, ECF No. 71, Stock Transfer Agreement). All of Price's rights to the Tiffin Stock were validly transferred, thus the division of the settlement proceeds is immaterial.

<u>**CONCLUSION**</u>

The Divorce Order effectively transferred all of Price's rights and interest in the Tiffin Stock and the Residence pre-petition. Therefore, absent evidence of collusion, they are not, and have not ever been, property of the estate. The statute of limitations for the Trustee's fraudulent transfer claim expired prior to filing of this suit.

The Trustee had knowledge of the Divorce decree and the Tiffin Litigation and elected not to pursue a fraudulent transfer claim. The Trustee now claims that she and her counsel relied upon the legal opinion of Stephen Price and allowed the statute of limitations to run. The Trustee has no evidence of collusion, and Starla is due to be dismissed as a matter of law.

Wherefore, premises considered, Starla respectfully requests that this Court grant her Motion for Summary Judgment and dismiss the Trustee's Complaint as a matter of law.


/s/ Deanna L. Weidner_____
David B. Anderson
Deanna L. Weidner
Attorneys for Starla Frazer

OF COUNSEL:
WALLER, LANSDEN, DORTCH  & DAVIS, LLP
AmSouth-Harbert Plaza, Suite 1400
1901 6th Avenue North
Birmingham, AL   35203
Phone:  205-214-6380
Fax:  205-214-8787

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Starla Frazer's Motion for Summary Judgment and Memorandum in Support Thereof has been duly served upon counsel of record electronically and/or by mailing same by United States mail, properly addressed and postage prepaid, to the following:

Ms. Teresa R. Jacobs
U. S. Bankruptcy Administrator
One Church Street
Montgomery, AL  36104

Ms. Susan S. DePaola
1726 West Second Street, Suite B
Montgomery, AL  36106

Mr. Charles N. Parnell, III
Parnell & Crum, P.A.
P. O. Box 2189
Montgomery, AL 36102

Mr. Von G. Memory
Mr. James L. Day
Mr. William D. Azar
Memory & Day
P. O. Box 4054
Montgomery, AL 36101

Mr. André M. Toffel
Toffel & Altmann
Farley Building, 4th Floor
1919 3rd Avenue North
Birmingham, AL  35203

This the 1st day of May, 2006.

/s/ Deanna L. Weidner_____
Of Counsel

# Appendix 1

# Exhibit B

.0

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| IN RE:<br><br>**STEPHEN L. PRICE,**<br><br>     **Debtor.** | CASE NO. 02-30767-WRS<br><br>CHAPTER 7 |

| | |
|---|---|
| **SUSAN S. DEPAOLA, TRUSTEE,**<br><br>     **Plaintiff,**<br><br>**v.**<br><br>**STEPHEN L. PRICE, and STARLA WATSON PRICE FRAZIER,**<br><br>     **Defendants.** | Adv. Pro.<br>CASE NO. _____ |

**ADVERSARY PROCEEDING FOR DECLARATORY
JUDGMENT, FED. R. BANKR. P. R. 7001(1 and 9) and DEMAND FOR
TURNOVER OF PROPERTY, 11 U.S.C. § 542**

**PARTIES AND JURISDICTION**

1.   The Plaintiff, Susan S. DePaola, was duly appointed as trustee for the bankruptcy estate of Stephen L. Price, May 06, 2002 (ECF Doc. 26).

2.   It is believed that the Defendant, STEVEN L. PRICE, who is over the age of 19 years, is a resident of Montgomery County, Alabama.

3.   It is believed that the Defendant, STARLA W. FRAZIER, who is over the age of 19 years, is a resident of Montgomery County, Alabama.

4.   The Court has jurisdiction of this adversary proceeding pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(b)(2)(k). Moreover, this adversary proceeding is commenced pursuant to Rule 7001, Fed. R. Bankr. P. Finally, venue is proper pursuant to 28 U.S.C. § 1409.

## FACTUAL ALLEGATIONS

5.   Steven L. Price, ("Debtor"), filed a petition for an order of relief, Chapter 11, March 11, 2002 (ECF Doc. 1). This case was voluntarily converted to Chapter 7, April 24, 2002 (ECF Doc. 18). Susan S. DePaola, the Plaintiff, was appointed interim trustee, May 6, 2002 (ECF Doc. 26).

6.   Prior to the original petition for an order of relief and the conversion, Defendant Starla Frazier ("Frazier") was married to the Debtor. This marriage was dissolved with a final decree of divorce dated August 2, 2001, and filed with the Deputy Registrar of the Office of the Circuit Court of Montgomery County, Alabama, August 8, 2001.

7.   The instant divorce decree, adopted by reference, a marital settlement agreement that provided, in pertinent part, the conveyance of all right, title, and interest to the parties jointly owned residence in Steamboat Springs, Colorado.

8.   Also, in paragraph 21 of the referenced marital settlement agreement, Frazier was awarded a conditional interest in the stock of Tiffin Motor Homes, Inc.

9.   Incident to the conveyance of the parties residence referenced in the preceding paragraph, the Debtor entered into an agreement to sell the residence and this sale was accomplished on or about September 20, 2001. Although the residence had been listed for $2,800,000.00, it sold for $1,266,000.00. Upon information and belief, it is averred that the first mortgage (deed and trust) for $775,000.00 was paid. Also, it is believed that expenses relating to the closing have been paid. However, funds totaling $260,000.00, reflecting net proceeds, remained after the payment of liens and costs.

10. On September 24, 2001, Great Plains Transportation Services, Inc., filed a complaint, as amended, with prejudgment relief and, after notice and hearing, the above-referenced funds

were ordered placed with the District Court Routt County, Colorado, September 24, 2001. While counsel for the parties to this litigation were negotiating a division of the proceeds held by the state court in Colorado, Frazier engaged new counsel and reached an agreement, without notice to the Trustee, and, upon information and belief, received and used the balance of proceeds obtained incident to this agreement.

11. Regarding the Tiffin Motor Company stock, the Debtor apparently purchased or acquired two hundred fifty (250) shares under the will of his mother, 1996. The referenced stock was in a closely held corporation and restricted. In March 2002, the Debtor, in a written document, offered to sell the stock to Mr. Bob Tiffin for $1,875.00 per share. This offer was subsequently declined. In spite of the referenced offer, the Debtor failed or refused to list the stock in his bankruptcy documents that were filed March 11, 2002.

12. The Debtor was also listed or identified as a party plaintiff in civil litigation that was filed in the Circuit Court of Franklin County, Alabama, 2001. Upon information and belief, the instant litigation was an attempt by minority shareholders to recover damages and for a declaration of other rights resulting from their stock ownership in Tiffin Motion Company. The Debtor failed or refused to list this litigation in his bankruptcy documents that were filed March 11, 2002.

13. The civil action in the Circuit Court of Franklin County, Alabama has been settled or resolved, however, counsel for Mr. Thomas E. Baddley, Esq., has suggested that the terms of settlement are confidential and has admonished Plaintiff's counsel not to discuss or allege the terms of settlement.

14. Notwithstanding, Frazier attempted to asset her rights against the agreed settlement proceeds from the Circuit Court of Montgomery County and the Plaintiff intervened after learning of the recovery anticipated by the Debtor.

15. Frazier has filed a motion for relief from the automatic stay and this motion was denied. During the hearing on the motion to obtain relief from the automatic stay, counsel for the Plaintiff referenced this litigation and granted 30 days for the Plaintiff to file same.

## FIRST CAUSE OF ACTION
[11 U.S.C. §§ 541 AND 542]

16. The Plaintiff realleges and adopts paragraphs 1 through 15 above as set out in full herein.

17. The Plaintiff avers that the settlement proceeds obtained or recovered incident to the court action in the State of Colorado, are property of the estate and should be turned over or delivered to the Plaintiff.

WHEREFORE the Plaintiff prays that the Court will enter a judgment determining the amount of money paid to Frazier incident to the state court litigation in Colorado and further finding that the referenced settlement proceeds are estate property and that said property or proceeds must be delivered to the Plaintiff. Finally, the Plaintiff requests such other and different relief to which the Plaintiff may be entitled in these premises.

## SECOND CAUSE OF ACTION
[11 U.S.C. §§ 541 AND 542]

18. The Plaintiff realleges and adopts paragraphs 1 through 15 above as set out in full herein.

19. The Plaintiff avers that the Debtor and Frazier, jointly and severally, have wrongfully and intentionally withheld information regarding the Tiffin Motor Company stock and the state court litigation referenced herein.

20. The Plaintiff avers that the Debtor and Frazier have wrongfully and intentionally asserted claims and exercised dominion over property of the estate.

21. The Plaintiff avers that the Debtor and Frazier have conspired to withhold information and to prevent the trustee from obtaining information regarding the referenced stock and the civil litigation.

22. Moreover, the Debtor has willfully and fraudulently neglected to discharge his duties under 11 U.S.C. § 521 by failing to disclose and mischaracterizing his interest in the Tiffin Motion Company stock and the civil action filed in the Circuit Court of Franklin County.  Also, the Debtor has given false or misleading testimony regarding his interest in the Tiffin Motor Company stock and the civil action filed in the Circuit Court of Franklin County.

WHEREFORE, the Plaintiff prays that this Honorable Court will take jurisdiction of this cause, and upon a final hearing:

1)      Declare the rights, duties, and liabilities of the parties;

2)      Enter an order finding that the Tiffin Motor Company stock referenced herein is property of the estate, 11 U.S.C. § 541;

3)      Enter an order finding that the settlement and recovery of damages, incident to the civil action filed in the Franklin County Circuit Court, are property of the estate, 11 U.S.C. § 541;

4)     Enter an order declaring that Starla Frazier has no claim to the Tiffin Motion

Company stock and any of the damages or proceeds recovered from the civil action filed

in the Franklin County Circuit Court; and,

5)     Enter such orders, judgments and decrees as may be necessary and proper to give

effect to the rights, duties and liabilities of the parties as determined and declared by the

Court.

 Respectfully submitted August 12, 2005.

                                        Memory & Day


                              By:     /S/ Von G. Memory
                                        Von G. Memory
                                        ASB-8137-071V

                                        James L. Day
                                        ASB-1256-A55J

                                        Attorneys for Susan S. DePaola,
                                        Trustee

OF COUNSEL:

Memory & Day
Post Office Box 4054
Montgomery, Alabama 36103-4054
(334) 834-8000

- 6 -

B 250
(8/96)

# United States Bankruptcy Court

### _____ District Of_____

In re    _____,    )
                                Debtor                              )    Case No. _____
                                                                         )
                                                                         )    Chapter _____
       _____,    )
                                Plaintiff                            )
                                                                         )
            v.                                                       )
       _____,    )    Adv. Proc. No. _____
                                Defendant                        )


## SUMMONS IN AN ADVERSARY PROCEEDING

YOU ARE SUMMONED and required to file a motion or answer to the complaint which is attached to this summons with the clerk of the bankruptcy court within 30 days after the date of issuance of this summons, except that the United States and its offices and agencies shall file a motion or answer to the complaint within 35 days.

> Address of Clerk

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney.

> Name and Address of Plaintiff's Attorney

If you make a motion, your time to answer is governed by Fed. R. Bankr. P. 7012.

**IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

_____
                         _Clerk of the Bankruptcy Court_

_____            By:_____
                Date                                                            Deputy Clerk

# CERTIFICATE OF SERVICE

I, _____, certify that I am, and at all times during the
                           (name)

service of process was, not less than 18 years of age and not a party to the matter concerning which service of
process was made.  I further certify that the service of this summons and a copy of the complaint was made
_____ by:
      (date)

☐ Mail Service: Regular, first class United States mail, postage fully pre-paid, addressed to:

☐ Personal Service: By leaving the process with defendant or with an officer or agent of defendant at:

☐ Residence Service: By leaving the process with the following adult at:

☐ Certified Mail Service on an Insured Depository Institution: By sending the process by certified mail addressed
to the following officer of the defendant at:

☐ Publication: The defendant was served as follows: [Describe briefly]

☐ State Law: The defendant was served pursuant to the laws of the State of _____,
as follows: [Describe briefly]
                                                           (name of state)

Under penalty of perjury, I declare that the foregoing is true and correct.

_____    _____
          Date                                             Signature

| | | |
|---|---|---|
| Print Name | | |
| Business Address | | |
| City | State | Zip |

**Additional Addresses**

Form No. 3 (Pg. 1)

| B 104 (Rev. 2/92) | **ADVERSARY PROCEEDING COVER SHEET** (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|---|

**PLAINTIFFS**

**DEFENDANTS**

ATTORNEYS (Firm Name, Address, and Telephone No.)

ATTORNEYS (if Known)

**PARTY** (Check one box only)    ☐ 1 U.S. PLAINTIFF    ☐ 2 U.S. DEFENDANT    ☐ 3 U.S. NOT A PARTY

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

**NATURE OF SUIT**
(Check the one most appropriate box only.)

☐ 454  To Recover Money or Property

☐ 455  To revoke an order of confirmation of a Chap. 11, Chap. 12, or Chap. 13 Plan

☐ 456  To obtain a declaratory judgment relating to any of foregoing causes of action

☐ 435  To Determine Validity, Priority, or Extent of a Lien or Other Interest in Property

☐ 426  To determine the dischargeability of a debt 11 U.S.C. §523

☐ 459  To determine a claim or cause of action removed to a bankruptcy court

☐ 457  To obtain approval for the sale of both the interest of the estate and of a co-owner in property

☐ 434  To obtain an injunction or other equitable relief

☐ 498  Other (specify)

☐ 424  To object or to revoke a discharge 11 U.S.C. §727

☐ 458  To subordinate any allowed claim or interest except where such subordination is provided in a plan

**ORIGIN OF PROCEEDINGS**
(Check one box only.)
☐ 1 Original Proceeding
☐ 2 Removed Proceeding
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another Bankruptcy Court
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

| DEMAND | NEAREST THOUSAND $ | OTHER RELIEF SOUGHT | ☐ JURY DEMAND |
|---|---|---|---|

**BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES**

| NAME OF DEBTOR | BANKRUPTCY CASE NO. |
|---|---|

| DISTRICT IN WHICH CASE IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
|---|---|---|

**RELATED ADVERSARY PROCEEDING (IF ANY)**

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|

| DISTRICT | DIVISIONAL OFFICE | NAME OF JUDGE |
|---|---|---|

**FILING FEE** (Check one box only.)    ☐ FEE ATTACHED    ☐ FEE NOT REQUIRED    ☐ FEE IS DEFERRED

| DATE | PRINT NAME | SIGNATURE OF ATTORNEY (OR PLAINTIFF) |
|---|---|---|

B-104

Form No. 3 (Pg. 2)

## ADVERSARY PROCEEDING COVER SHEET (Reverse Side)

This cover sheet must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney) and submitted to the Clerk of the court upon the filing of a complaint initiating an adversary proceeding.

The cover sheet and the information contained on it *do not* replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court.  This form is required for the use of the clerk of the court to initiate the docket sheet and to prepare necessary indices and statistical records.  A separate cover sheet must be submitted to the clerk of the court for each complaint filed.  The form is largely self explanatory.

**Parties.**  The names of the parties to the adversary proceeding *exactly* as they appear in the complaint.  Give the names and addresses of the attorneys if known.  Following the heading "Party," check the appropriate box indicating whether the United States is a party named in the complaint.

**Cause of Action.**  Give a brief description of the cause of action including all federal statutes involved.  For example, "Complaint seeking damages for failure to disclose information, Consumer Credit Protection Act, 15 U.S.C. §1601 et seq.," or "Complaint by trustee to avoid a transfer of property by the debtor, 11 U.S.C. §544."

**Nature of Suit.**  Place an "X" in the appropriate box.  Only one box should be checked.  If the cause fits more than one category of suit, select the most definitive.

**Origin of Proceedings.**  Check the appropriate box to indicate the origin of the case:

1.    Original Proceeding.
2.    Removed from a State or District Court.
4.    Reinstated or Reopened.
5.    Transferred from Another Bankruptcy Court.

**Demand.**  On the next line, state the dollar amount demanded in the complaint in thousands of dollars.  For $1,000 enter "1," for $10,000 enter "10", for$100,000 enter "100," if $1,000,000, enter "1000." If $10,000,000 or more, enter "9999.11 If the amount is less than $1,000, enter "0001." If no monetary demand is made, enter "XXXX." If the plaintiff is seeking non-monetary relief, state the relief sought, such as injunction or foreclosure of a mortgage.

**Bankruptcy Case In Which This Adversary Proceeding Arises.**  Enter the name of the debtor and the docket number of the bankruptcy case from which the proceeding now being filed arose.  Beneath, enter the district and divisional office where the case was filed, and the name of the presiding judge.

**Related Adversary Proceedings.**  State the names of the parties and the six digit adversary proceeding number from any adversary proceeding concerning the same two parties or the same property currently pending in any bankruptcy court.  On the next line, enter the district where the related case is pending and the name of the presiding judge.

**Filing Fee.**  Check one box.  The fee must be paid upon filing unless the plaintiff meets one of the following exceptions.  The fee is not required if the plaintiff is the United States government or the debtor.  If the plaintiff is the trustee or a debtor in possession, and there are no liquid funds in the estate, the filing fee may be deferred until there are funds in the estate (in the event no funds are ever recovered for the estate, there will be no fee).  There is no fee for adding a party after the adversary proceeding has been commenced.

**Signature.**  This cover sheet must be signed by the attorney of record in the box on the right of the last line of the form.  If the plaintiff is represented by a law firm, a member of the firm must sign.  If the plaintiff is *pro se,* that is, not represented by an attorney, the plaintiff must sign.

The name of the signatory must be printed in the box to the left of the signature.  The date of the signing must be indicated in the box on the far left of the last line.

# Appendix 1

# Exhibit C

.0

FORM B6-Cont.

# United States Bankruptcy Court

District of

In re _____ ,                Case No. _____
                    Debtor                                                      (If known)

_____
        Joint Debtor (If any)

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts from Schedules D, E, and F to determine the total amount of the debtor's liabilities.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | AMOUNTS SCHEDULED | | |
| --- | --- | --- | --- | --- | --- |
| | | | ASSETS | LIABILITIES | OTHER |
| A - Real Property | Yes | 1 | $ −0− | | |
| B - Personal Property | Yes | 3 | $71,450.00 | | |
| C - Property Claimed as Exempt | Yes | 1 | | | |
| D - Creditors Holding Secured Claims | yes | 4 | | $10,728,000.00 | |
| E - Creditors Holding Unsecured Priority Claims | Yes | 5 | | $45,732.32 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 17 | | $ 771,373.55 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | Yes | 1 | | | $ 6,000.00 |
| J - Current Expenditures of Individual Debtor(s) | Yes | 1 | | | $ |
| Total Number of Sheets of ALL Schedules ▶ | | 35 | | | |
| Total Assets ▶ | | | $ 71,450.00 | | |
| Total Liabilities ▶ | | | | $11,545,105.87 | |

FORM B6A

In re ___STEPHEN L. PRICE_____     Case No. _____
      Debtor               (If known)

# SCHEDULE A—REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a co-tenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, or both own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G—Executory Contracts and Unexpired Leases.

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C—Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST, IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| **NONE** | | | | |
| | | Total ▶ | $   -0- | |

(Report also on Summary of Schedules.)

FORM B1XA

## Exhibit "A"

*[If debtor is a corporation filing under chapter 11 of the Code, this Exhibit "A" shall be completed and attached to the petition.]*

### UNITED STATES BANKRUPTCY COURT

**MIDDLE** DISTRICT OF **ALABAMA**                    Case No. _____

In re ___**STEPHEN L. PRICE**_____, Chapter ___**11**_____
                                        Debtor

### Exhibit "A" to Voluntary Petition

1. Debtor's employer identification number is    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

2. If any of debtor's securities are registered under section 12 of the Securities and Exchange Act of 1934, the SEC file number is

3. The following financial data is the latest available information and refers to debtor's condition on    **March 1, 2002**

| | | |
|---|---|---|
| a. Total assets | $ | 7,000,000.00 (estimate) |
| b. Total liabilities | $ | 11,500,000.00 (estimate) |

|  |  | Approximate number of holders |
|---|---|---|
| Fixed, liquidated secured debt | $ | (Unknown at this time) |
| Contingent secured debt | $ | " |
| Disputed secured claims | $ | " |
| Unliquidated secured debt | $ | " |

|  |  | Approximate number of holders |
|---|---|---|
| Fixed, liquidated unsecured debt | $ | " |
| Contingent unsecured debt | $ | " |
| Disputed unsecured claims | $ | " |
| Unliquidated unsecured debt | $ | " |

Number of shares of preferred stock

Number of shares of common stock

Exhibit "A" continued

Comments, if any:

4. Brief description of debtor's business:

5. List the name of any person who directly or indirectly owns, controls, or holds, with power to vote, 20% or more of the voting securities of debtor:

6. List the names of all corporations, 20% or more of the outstanding voting securities of which are directly or indirectly owned, controlled, or held, with power to vote, by debtor:

FORM B6B

In re _____          Case No. _____
                    Debtor                                    (If known)

# SCHEDULE B—PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "X" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, or both own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C— Property Claimed as Exempt.

Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G—Executory Contracts and Unexpired Leases.

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand. | | | | –0– |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **Sterling Bank** | | $2,800.00 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | | | | –0– |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | | | 250.00 |
| 5. Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc. and other collections or collectibles. | | | | –0– |
| 6. Wearing apparel. | | | | 300.00 |
| 7. Furs and jewelry. | | | | 100.00 |
| 8. Firearms and sports, photographic, and other hobby equipment. | | | | –0– |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | | | –0– |
| 10. Annuities. Itemize and name each issuer. | | | | –0– |

FORM B6B - Cont.

In re _____          Case No. _____
                    Debtor                                              (If known)

# SCHEDULE B—PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 11. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Itemize. | | | | –0– |
| 12. Stock and interests in incorporated and unincorporated businesses. Itemize. | | | | –0– |
| 13. Interests in partnerships or joint ventures. Itemize. | | | | –0– |
| 14. Government and corporate bonds and other negotiable and non-negotiable instruments. | | | | –0– |
| 15. Accounts receivable. | | | | –0– |
| 16. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | | | | –0– |
| 17. Other liquidated debts owing debtor including tax refunds. Give particulars. | | | | –0– |
| 18. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule of Real Property. | | | | –0– |
| 19. Contingent and non-contingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | | | | –0– |
| 20. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | | | | –0– |
| 21. Patents, copyrights, and other intellectual property. Give particulars. | | | | –0– |
| 22. Licenses, franchises, and other general intangibles. Give particulars. | | | | –0– |

FORM B6B - Cont.

In re _____     Case No. _____
                 Debtor                              (If known)

# SCHEDULE B—PERSONAL PROPERTY
## (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 23. Automobiles, trucks, trailers, and other vehicles and accessories. | | 2000 Dodge Ram Truck<br>1999 Ford Expedition<br>1987 Ford Welder Truck | | 19,000.00<br>24,000.00<br>10,000.00 |
| 24. Boats, motors, and accessories. | | | | –0– |
| 25. Aircraft and accessories. | | | | –0– |
| 26. Office equipment, furnishings, and supplies. | | Computer, software, desk, chairs, copier fax machine | | 15,000.00 |
| 27. Machinery, fixtures, equipment, and supplies used in business. | | | | |
| 28. Inventory. | | | | |
| 29. Animals. | | | | |
| 30. Crops-growing or harvested. Give particulars. | | | | |
| 31. Farming equipment and implements. | | | | |
| 32. Farm supplies, chemicals, and feed. | | | | |
| 33. Other personal property of any kind not already listed. Itemize. | | | | |

Total ▶ $     71,450.00

_____ continuation sheets attached.

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules.)

In re _____        Case No. _____
                  Debtor                                        (If known)

# SCHEDULE C—PROPERTY CLAIMED AS EXEMPT

Debtor elects the exemptions to which debtor is entitled under:
(Check one box)

☐ 11 U.S.C. § 522(b)(1): Exemptions provided in 11 U.S.C. § 522(d). Note: These exemptions are available only in certain states.

☐ 11 U.S.C. § 522(b)(2): Exemptions available under applicable nonbankruptcy federal laws, state or local laws where the debtor's domicile has been located for the 180 days immediately preceding the filing of the petition, or for a longer portion of the 180-day period than in any other place, and the debtor's interest as a tenant by the entirety or joint tenant to the extent the interest is exempt from process under applicable nonbankruptcy law.

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT MARKET VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| Cash | Code of Ala. | $2,800.00 | $2,800.00 |
| Household Goods | Code of Ala | 250.00 | $250.00 |
| Wearing Apparel | Code of Ala. | 300.00 | $300.00 |
| Jewelry | Code of Ala. | 100.00 | $100.00 |

In re _____     Case No. _____
                Debtor                                    (If known)

# SCHEDULE D—CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and account number, if any, of all entities holding claims secured by property of the debtor as of the date of filing of the petition. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests. List creditors in alphabetical order to the extent practicable. If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H—Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND MARKET VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| **ACCOUNT NO.** <br><br> AXIS CAPITAL <br> Post Office Box 2555 <br> Grand Island, NE 68802 | | | Computer Lease and Software <br> 1987 Ford Welder Truck <br><br> VALUE $ 15,000.00 | | | | 45,000.00 | 30,000.00 |
| **ACCOUNT NO.** <br><br> CITICAPITAL COMM. CORP. <br> Post Office Box 140729 <br> Irving, TX 75014 | | | Formerly known as Associates <br><br> VALUE $ 845,000.00 | | | | 1,100,000.00 | 255,000.00 |
| **ACCOUNT NO.** <br><br> CONSECO <br> 332 Minnesota Street <br> Ste. Mail Stop F5W7 <br> St. Paul, MN 55101 | | | 20 Trailers <br><br> VALUE $ 520,000.00 | | | | 547,000.00 | 27,000.00 |
| **ACCOUNT NO.** <br><br> FINANCIAL FEDERAL CREDIT <br> 4405 Mall Blvd., Suite 200 <br> Union City, GA 30291 | | | 5 Trucks <br><br> VALUE $ 350,000.00 | | | | 450,000.00 | 100,000.00 |

_____ continuation sheets attached

Subtotal ▶ $ _____
(Total of this page)

Total ▶ $ _____
(Use only on last page)

(Report total also on Summary of Schedules.)

FORM B6D

In re _____    Case No. _____
                    Debtor                                    (If known)

# SCHEDULE D—CREDITORS HOLDING SECURED CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND MARKET VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>FIRST FINANCE<br>274 Centerview Cr.<br>Stillion Bldg., Suite 205<br>Brentwood, TN  37027 | | | 5 Trucks<br>2 Trailers<br><br>VALUE $  325,000.00 | | | | 440,000.00 | 110,000.00 |
| ACCOUNT NO.<br><br>FIRST STAR<br>400 Highway 169, So., Ste. 300<br>St. Louis Park, MN  55426 | | | 5 Trucks<br><br>VALUE $  325,000.00 | | | | 413,000.00 | 88,000.00 |
| ACCOUNT NO.<br><br>KEY BANK<br>Post Office Box 5775<br>Cincinnati, OH  45201 | | | 99 Ford Expedition<br><br>VALUE $ | | | | 25,000.00 | 1,000.00 |
| ACCOUNT NO.<br><br>MERCEDES-BENZ<br>Post Office Box 354<br>Lisle, IL  60532-03454 | | | 5 Trucks<br><br>VALUE $ | | | | 440,000.00 | 190,000.00 |
| ACCOUNT NO.<br><br>PACCAR FINANCIAL<br>Post Office Box 102285<br>Atlanta, GA  30368-2285 | | | 20 Trucks<br><br>VALUE $ | | | | 1,900,000.00 | 500,000.00 |

Sheet no. _____ of _____ continuation sheets attached to Schedule of Creditors Holding Secured Claims.

Subtotal ▶ $ _____
(Total of this page)

Total ▶ $ _____
(Use only on last page)
(Report total also on Summary of Schedules.)

In re _____     Case No. _____
           Debtor                                           (If known)

# SCHEDULE D—CREDITORS HOLDING SECURED CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND MARKET VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>SORIS<br>Dept. CH 10197<br>Palatine, IL  80055-0197 | | | 2 Trucks<br><br>VALUE $  150,000.00 | | | | 200,000.00 | 50,000.00 |
| ACCOUNT NO.<br><br>THE FIFTH THIRD LEASING<br>38 Fountain Sq. Plaza<br>Cincinnati, OH  45263 | | | 9 Trailers<br>2000 Dodge Ram<br><br>VALUE $  289,000.00 | | | | 393,000.00 | 104,000.00 |
| ACCOUNT NO.<br><br>TRANSLEASE, INC.<br>426 W. Lankster<br>Devon, PA  19333 | | | 24 Trucks<br>31 Trailers<br><br>VALUE $ 1,200,000.00 | | | | 3,600,000.00 | 2,400,000.00 |
| ACCOUNT NO.<br><br>WALLWORKS<br>Post Office Box 628<br>Fargo, ND  58107-0628 | | | 6 Trucks<br><br>VALUE $1,200,000.00 | | | | 580,000.00 | |
| ACCOUNT NO.<br><br>WELLS FARGO<br>733 Marquette Avenue, Ste. 300<br>Minneapolis, MN  55402 | | | 5 Trailers<br><br>VALUE $  150,000.00 | | | | 225,000.00 | 75,000.00 |

Sheet no. _____ of _____ continuation sheets attached to Schedule of Creditors Holding Secured Claims.

Subtotal ▶ $ _____
(Total of this page)

Total ▶ $ _____
(Use only on last page)

(Report total also on Summary of Schedules.)

In re _____     Case No. _____
                    Debtor                                              (If known)

# SCHEDULE D—CREDITORS HOLDING SECURED CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND MARKET VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. <br><br> United Leasing <br> 3700 Morgan Avenue <br> Evansville, IN  47715-2269 | | | 8 Trailers <br><br> VALUE $  250,000.00 | | | | 350,000.00 | 100,000.00 |
| ACCOUNT NO. <br><br> Dell Financial Services <br> 3500-A Wadley Place <br> Austin, TX  78728 | | | Computer Leases <br><br> VALUE $   7,000.00 | | | | 20,000.00 | 13,000.00 |
| ACCOUNT NO. <br><br><br> VALUE $ | | | | | | | | |
| ACCOUNT NO. <br><br><br> VALUE $ | | | | | | | | |
| ACCOUNT NO. <br><br><br> VALUE $ | | | | | | | | |

Sheet no. _____ of _____ continuation sheets attached to Schedule of Creditors Holding Secured Claims.

Subtotal ▶
(Total of this page)    $10,728,000.00

Total ▶
(Use only on last page)    $10,728,000.00

(Report total also on Summary of Schedules.)

FORM B6E

In re _____        Case No. _____
                    Debtor                                                   (If known)

# SCHEDULE E—CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name and mailing address, including zip code, and account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H—Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotal" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Repeat this total also on the Summary of Schedules.

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)**

☐ Extensions of credit in an involuntary case
Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(2).

☒ Wages, salaries, and commissions
Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees, up to a maximum of $2000 per employee, earned within 90 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(3).

☐ Contributions to employee benefit plans
Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ Certain farmers and fishermen
Claims of certain farmers and fishermen, up to a maximum of $2000 per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(5).

☐ Deposits by individuals
Claims of individuals up to a maximum of $900 for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(6).

☐ Taxes and Certain Other Debts Owed to Governmental Units
Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(7).

_____ continuation sheets attached

FORM B6E-Cont.

In re _____
                Debtor

Case No. _____
                    (If known)

# SCHEDULE E—CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | TOTAL AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. ILLINOIS DEPARTMENT OF REVENUE Post Office Box 3309 Urbana, IL 61803-3309 | | | Withhold Tax | | | | 22,913.83 | |
| ACCOUNT NO. LISA BOEHL 6910 E. Green Leaf Lane Claremont, IL 62421 | | | 9/14/02 Back Wages | | | | 1,000.00 | |
| ACCOUNT NO. EALINE BRAINARD 4344 E. Mt. Gilead lane Dundas, IL 62425 | | | 9/14/01 Back Wages | | | | 400.00 | |
| ACCOUNT NO. BARRY BURCHAM 411 N. Higginswitch Road Noble, IL 62868 | | | Back Wages | | | | 1,860.00 | |
| ACCOUNT NO. VIVIAN & ELMO COSTON 1033 E. Lincoln Street Riverton, IL 62561 | | | 8/31/01 | | | | 7,315.64 | |

Sheet no. _____ of _____ sheets attached to Schedule of Creditors Holding Priority Claims.

Subtotal ▶ (Total of this page) $ _____

Total ▶ (Use only on last page of the completed Schedule E.) $ _____

(Report total also on Summary of Schedules.)

FORM B6E-Cont.

In re _____    Case No. _____
                    Debtor                                              (If known)

# SCHEDULE E—CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
## (Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | TOTAL AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|---|---|
| **ACCOUNT NO.**<br><br>**PAMELA DILLON**<br>Post Office Box 514<br>Clay City, IL  62824 | | | **Back Wages** | | | | 397.87 | |
| **ACCOUNT NO.**<br><br>**RANDY GIBSON**<br>835 E. Main Street<br>Olney, IL  62450 | | | 8/30/01 | | | | 2,400.00 | |
| **ACCOUNT NO.**<br><br>M. HOPE GIBSON<br>835 E. Main Street<br>Olney, IL  62450 | | | 9/13/01<br>Back Wages | | | | 305.00 | |
| **ACCOUNT NO.**<br><br>**NICK HOLLIDAY**<br>Post Office Box 1016<br>Salem, IL  62881 | | | 9/8/01 | | | | 872.44 | |
| **ACCOUNT NO.**<br><br>JAMES MCKINNEY<br>1104 E. North<br>Oney, IL  62450 | | | 9/8/01<br>Back Wages | | | | 1,120.00 | |

Sheet no. _____ of _____ sheets attached to Schedule of Creditors Holding Priority Claims.

Subtotal ▶ $
(Total of this page)

Total ▶ $
(Use only on last page of the completed Schedule E.)

(Report total also on Summary of Schedules.)

FORM B6E-Cont.

In re _____    Case No. _____
                    Debtor                              (If known)

# SCHEDULE E—CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
## (Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | TOTAL AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>KENNETH L. NEWMAN<br>Post Office Box 514<br>Clay City, IL  62824 | | | Back Wages | | | | 1,683.50 | |
| ACCOUNT NO.<br><br>JAMES RUSSELL<br>c/o Stokes & Morrow<br>Post Office Box 356<br>Elba, AL  36323 | | | Back Wages | | | | Unknown | |
| ACCOUNT NO.<br><br>TERRESA SABANSKI<br>300 Hauensein Rd., Apt. 8<br>Huntington, IN  46750 | | | Back Wages | | | | 440.36 | |
| ACCOUNT NO.<br><br>JIM D. SMITH<br>604 E. North<br>Olney, IL  62450 | | | Back Wages<br>9/8/01 | | | | 1,043.68 | |
| ACCOUNT NO.<br><br>DARRYL SUCHOMEL<br>7657 Van Ryen Court<br>Sun Prarie, WI  53590 | | | Back Wages | | | | Unknown | |

Sheet no. _____ of _____ sheets attached to Schedule of Creditors
Holding Priority Claims.

Subtotal ▶ $ _____
(Total of this page)

Total ▶ $ _____
(Use only on last page of the completed Schedule E.)

(Report total also on Summary of Schedules.)

FORM B6E-Cont.

In re _____          Case No. _____
          Debtor                                              (If known)

# SCHEDULE E—CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
## (Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | TOTAL AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. <br><br> AARON WEASE <br> 7243 N. Washington Street <br> Dundas, IL  62425 | | | Back Wages <br> 9/14/01 | | | | 980.00 | |
| ACCOUNT NO. <br><br> JOHN WELLS <br> 2902 N. Northern Avenue <br> Phenix, AZ  85051 | | | Back Wages | | | | 3,000.00 | |
| ACCOUNT NO. <br><br> | | | | | | | | |
| ACCOUNT NO. <br><br> | | | | | | | | |
| ACCOUNT NO. <br><br> | | | | | | | | |

Sheet no. _____ of _____ sheets attached to Schedule of Creditors
Holding Priority Claims.

Subtotal ► $ _____
(Total of this page)

Total ► $ 45,732.32
(Use only on last page of the completed Schedule E.)
(Report total also on Summary of Schedules.)

In re _____    Case No. _____
          Debtor                                                (If known)

# SCHEDULE F—CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and account number, if any, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H—Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

☐ Check this box if debtor has no creditors holding unsecured non priority claims to report on this Schedule F.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, OR JOINT | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM, IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. <br><br> A-1 QUALITY GLASS, INC. <br> c/o Olney Recovery Service <br> Post Office Box 232 <br> Olney, IL  62450-0232 | | | | | | | 240.00 |
| ACCOUNT NO. <br><br> AMEREN CIPS <br> 2105 E. State Route 104 <br> Pawnee, IL  62558-4681 | | | | | | | 2,361.25 <br> 218.71 |
| ACCOUNT NO. <br><br> ARGOS, INC. <br> 5737 Fresno Street <br> Fresno, CA  93710 | | | | | | | 2,208.74 |
| ACCOUNT NO. <br><br> AT&T <br> Post Office Box 9001310 <br> Louisville, KY  40290-1310 | | | | | | | 59.80 |

_____ continuation sheets attached

Subtotal ▶ | $

Total ▶ | $

(Report total also on Summary of Schedules.)

FORM B6F - Cont.

In re _____
                Debtor

Case No. _____
                        (If known)

# SCHEDULE F—CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
## (Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM, IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>BO WEVIL EXPRESS, INC.<br>c/o Alexander & Hamilton<br>2618 Edenborn Avenue<br>Metairie, LA  70002 | | | | | | | 610.00 |
| ACCOUNT NO.<br><br>BUYERSONLINE.COM<br>Post Office Box 30701<br>Salt Lake City, UT  84130 | | | | | | | 10,654.44 |
| ACCOUNT NO.<br><br>CCFI LOGISTICS<br>c/o Dun & Bradstreet<br>Post Office Box 3100<br>Naperville, IL  60566-7099 | | | | | | | 6,431.41 |
| ACCOUNT NO.<br><br>CDN LOGISTICS, INC.<br>c/o NCO Financial Systems<br>8625 W. Cascade Blvd., Suite 300<br>Beaverton, OR  97005 | | | | | | | 650.00 |
| ACCOUNT NO.<br><br>CINTAS CORPORATion<br>c/o Hampton Associates, Inc.<br>PMB 895<br>6920 Eagle Highlands Way, Suite 700<br>Indianapolis, IN  46254-5610 | | | | | | | 3,552.77 |

Sheet no. _____ of _____ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal ▶ | $
(Total of this page)

Total ▶ | $
(Use only on last page of the completed Schedule E.)
(Report total also on Summary of Schedules.)

FORM B6F - Cont.

In re _____     Case No. _____
              Debtor                                    (If known)

# SCHEDULE F—CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
## (Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM, IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. <br><br> CRAFTSMEN INDUSTRIES <br> Post Office Box 953073 <br> St. Louis, MO  63195-3073 | | | | | | | 171.02 |
| ACCOUNT NO. <br><br> CROSSROADS TRUCK EQUIPMENT <br> Post Office Box 866 <br> 1611 W. Wernsing Avenue <br> Effingham, IL  62401 | | | | | | | 4,327.48 |
| ACCOUNT NO. <br><br> CONCORD OIL & GAS CORPORATION <br> Post Office Box 297 <br> Olney, IL  62450 | | | | | | | 7,554.92 |
| ACCOUNT NO. <br><br> CONCORD EFS <br> 2525 Horizon Lake #120 <br> Memphis, TX  38133 | | | | | | | 90,000.00 |
| ACCOUNT NO. <br><br> COMDATA <br> Post Office Box 3389 <br> Brentwood, TN  37024 | | | | | | | 130,000.00 |

Sheet no. _____ of _____ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal ▶ | $
(Total of this page)

Total ▶ | $
(Use only on last page of the completed Schedule E.)
(Report total also on Summary of Schedules.)

In re _____    Case No. _____
                    Debtor                                      (If known)

# SCHEDULE F—CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
## (Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM, IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>COMPUTER BARN<br>Rt. 1, Box 68<br>Flora, IL   62839 | | | | | | | 2,000.00 |
| ACCOUNT NO.<br><br>CUMMINS GATEWAY<br>7210 Hall Street<br>St. Louis, MO   63147 | | | | | | | 4,013.70 |
| ACCOUNT NO.<br><br>FEDERAL EXPRESS<br>c/o North Shore Agency,Inc.<br>751 Summa Avenue<br>Westbury, NY   11590 | | | | | | | 10,872.62 |
| ACCOUNT NO.<br><br>FEDERAL EXPRESS<br>Post Office Box 727<br>Memphis, TN | | | (Same Debt as above) | | | | |
| ACCOUNT NO.<br><br>FERRELLGAS<br>Post Office Box 9<br>Olney, IL   62450 | | | | | | | 53.76 |

Sheet no. _____ of _____ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal ▶ | $

(Total of this page)

Total ▶ | $

(Use only on last page of the completed Schedule E.)

(Report total also on Summary of Schedules.)

In re _____          Case No. _____
                    Debtor                                    (If known)

# SCHEDULE F—CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
## (Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>FIRST CELLULAR<br>417 S. 42nd Street<br>Mt. Vernon, IL  62864-0767 | | | | | | | 15,116.37 |
| ACCOUNT NO.<br><br>FELZ TRUCKING<br>c/o NCO Financial Systems, Inc.<br>Post Office Box 2180<br>Boone, NC  28607 | | | | | | | 350.00 |
| ACCOUNT NO.<br><br>FIFTH THIRD BANK<br>Post Office Box 507<br>Effingham, IL  62401 | | | | | | | 150,000.00 |
| ACCOUNT NO.<br><br>GTE NORTH<br>Post Office Box 920041<br>Dallas, TX  75392-0041 | | | | | | | 4,000.00 |
| ACCOUNT NO.<br><br>GREG GIBSON<br>c/o John Clark, Esq.<br>Croegaert, Clark & Hough<br>305 E. Main Street<br>Olney, IL  62450 | | | | | | | 35,000.00 |

Sheet no. _____ of _____ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal ▶ | $

(Total of this page)

Total ▶ | $

(Use only on last page of the completed Schedule E.)

(Report total also on Summary of Schedules.)

In re _____    Case No. _____
                  Debtor                                    (If known)

# SCHEDULE F—CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
## (Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM, IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>HEARTLAND PETERBILT<br>1901 W. Evergreen<br>Effingtham, IL  62401 | | | | | | | 2,961.29 |
| ACCOUNT NO.<br><br>HUMANA EMPLOYEES HEALTH<br>1100 Employers Blvd.<br>Green Bay, WI  54344 | | | | | | | 1,485.88 |
| ACCOUNT NO.<br><br>INGALLS, INGALLS & COMPANY, P.C.<br>Post Office Box 774924<br>Steam Boat Springs, CO  80477 | | | | | | | 20.30 |
| ACCOUNT NO.<br><br>J.J. KELLER & ASSOCIATES<br>Post Office Box 548<br>Neenah, WI  54957-0548 | | | | | | | 4,300.38 |
| ACCOUNT NO.<br><br>J & T TRANSPORTATION<br>c/o Transportation REvenue Management<br>2240 Gallows Road<br>Vienna, Virginia  22182 | | | | | | | 675.00 |

Sheet no. _____ of _____ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal ▶ | $
(Total of this page)

Total ▶ | $
(Use only on last page of the completed Schedule E.)
(Report total also on Summary of Schedules.)

In re _____          Case No. _____
                Debtor                                        (If known)

# SCHEDULE F—CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
## (Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM, IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. <br><br> KEY MASTERS SAFE & LOCK <br> c/o Olney Recovery Service <br> Post Office Box 232 <br> Olney, IL  62450-0232 | | | | | | | 210.11 |
| ACCOUNT NO. <br><br> MAGNUM TIRE CORPORATION <br> 724 N. First Street, 6th Floor <br> Minneapolis, MN  55401 | | | | | | | 5,408.12 |
| ACCOUNT NO. <br><br> MIDWEST TRUCKERS ASSOCIATION <br> 2727 North Dirksen Parkway <br> Springfield, IL  62702 | | | | | | | 750.88 |
| ACCOUNT NO. <br><br> McINTOSH TRUCKING <br> c/o Merchants Associatesion Collection <br>   Division <br> 134 S. Tampa Street <br> Tampa, FL  33601 | | | | | | | 750.88 |
| ACCOUNT NO. <br><br> MARATHON TIRE SERVICE <br> 220 N. West Street <br> Olney, IL  62450 | | | | | | | 10,189.46 |

Sheet no. _____ of _____ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal ▶ | $
(Total of this page)

Total ▶ | $
(Use only on last page of the completed Schedule E.)
(Report total also on Summary of Schedules.)

In re _____          Case No. _____
                    Debtor                                              (If known)

# SCHEDULE F—CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
## (Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM, IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. <br><br> MINN-TEX, INC. <br> 432 State Highway 25 <br> Plerz, MN   56364 | | | | | | | 915.00 |
| ACCOUNT NO. <br><br> MODERN PERSONNEL SERVICE <br> Post Office Box 219 <br> Olney, IL   62450 | | | | | | | 2,411.31 |
| ACCOUNT NO. <br><br> OLNEY DAILY MAIL <br> Post Office Box 340 <br> Olney, IL   62450 | | | | | | | 6.88 |
| ACCOUNT NO. <br><br> OVERTON <br> One Vantage Way c-130 <br> Nashville, TN   37228-1552 | | | | | | | 1,875.00 |
| ACCOUNT NO. <br><br> PLM TRAILER LEASING <br> Post Office Box 60156 <br> Charlotte, NC   28260 | | | | | | | 10,000.00 |

Sheet no. _____ of _____ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal ▶ | $

(Total of this page)

Total ▶ | $

(Use only on last page of the completed Schedule E.)

(Report total also on Summary of Schedules.)

In re _____          Case No. _____
                    Debtor                                          (If known)

# SCHEDULE F—CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
## (Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>PEKIN LIFE INSURANCE<br>Post Office Box 129<br>Pekin, IL 61558 | | | | | | | 7,000.00 |
| ACCOUNT NO.<br><br>PERFECT MATCH TRANSPORTATION<br>Post Office Box 417<br>5744 FM 66<br>Maypearl, TX 76064 | | | | | | | 1,000.00 |
| ACCOUNT NO.<br><br>PITNEY WORKS<br>Post Office Box 7011<br>Indianapolis, IN | | | | | | | 25,000.00 |
| ACCOUNT NO.<br><br>QUILL CORPORATION<br>c/o Dun & Bradstreet<br>Post Office Box 318064<br>Independence, OH 44131-8064 | | | | | | | 980.71 |
| ACCOUNT NO.<br><br>Raben Tire Co.<br>2100 North New York Avenue<br>Evansville, IN 47711 | | | | | | | 10,000.00 |

Sheet no. _____ of _____ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal ▶ $
(Total of this page)

Total ▶ $
(Use only on last page of the completed Schedule E.)
(Report total also on Summary of Schedules.)

In re _____          Case No. _____
            Debtor                                              (If known)

# SCHEDULE F—CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
## (Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM, IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. <br><br> SUSCOM <br> 311-A Whittle Avenue <br> Olney, IL  62450-2211 | | | | | | | 68.69 |
| ACCOUNT NO. <br><br> MATTHEW SHAN TRUCKING <br> 403 S. Morgan <br> Olney, IL  62450-2211 | | | | | | | Unknown |
| ACCOUNT NO. <br><br> STA UNITED <br> c/o Richmond North Associates <br> Post Office Box 963 <br> Amhurst, NY  14226 | | | | | | | 3,681.00 |
| ACCOUNT NO. <br><br> STYLINE BROKERAGE <br> Post Office Box 358 <br> Huntingburg, IN  47592 | | | | | | | 700.00 |
| ACCOUNT NO. <br><br> SUPERIOR FUELS <br> Post Office Box 336 <br> Newton, IL  62448-0336 | | | | | | | 6,000.00 |

Sheet no. _____ of _____ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal ▶ | $ _____
(Total of this page)

Total ▶ | $ _____
(Use only on last page of the completed Schedule E.)
(Report total also on Summary of Schedules.)

In re _____          Case No. _____
                  Debtor                                      (If known)

# SCHEDULE F—CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
## (Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM, IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>THE HEARTFORD FIDELITY & BONDING CO.<br>Hartford Plaza<br>Hartford, CT  06115 | | | Surety for Comdata<br>*Amount listed under Comdata | | | | |
| ACCOUNT NO.<br><br>THE HOLIDAY<br>Post Office Box 27<br>Olney, IL  62450 | | | | | | | 3,037.57 |
| ACCOUNT NO.<br><br>THE INTERNET TRUCKSTOP<br>Post Office Box 99<br>New Plymouth, ID  83655 | | | | | | | 140.00 |
| ACCOUNT NO.<br><br>TKM<br>Post Office Box 208<br>Washington, IN  47501 | | | | | | | 705.00 |
| ACCOUNT NO.<br><br>TIP LEASING<br>4727 Pleasant Run Road<br>Memphis, TN  38118 | | | | | | | 30,000.00 |

Sheet no. _____ of _____ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal ▶ | $

(Total of this page)

Total ▶ | $

(Use only on last page of the completed Schedule E.)

(Report total also on Summary of Schedules.)

In re _____         Case No. _____
                Debtor                                        (If known)

# SCHEDULE F—CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
## (Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM, IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. <br><br> TRUST BANK <br> c/o Olney REcovery Service <br> Post office Box 232 <br> Olney, IL  62450-0232 | | | Overdrawn Checking | | | | 451.04 |
| ACCOUNT NO. <br><br> THE OLDE PRINT SHOP <br> c/o Olney Recovery Service <br> Post office Box 232 <br> Olney, IL  52450-0232 | | | | | | | 345.54 |
| ACCOUNT NO. <br><br> TRUST BANK <br> Post Office Box 158 <br> Olney, IL  62450 | | | | | | | 65,000.00 |
| ACCOUNT NO. <br><br> UNITED PARCEL SERVICE <br> Post Office Box 20584 <br> Lehigh Valley, PA  18002-0584 | | | | | | | 2,919.94 |
| ACCOUNT NO. <br><br> UNITED PARCEL SERVICE <br> c/o Dun & Bradstreet <br> Post Office Box 218045 <br> Cleveland, OH  44131 | | | Debt listed on previous page | | | | |

Sheet no. _____ of _____ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal ▶ | $
(Total of this page)

Total ▶ | $
(Use only on last page of the completed Schedule E.)
(Report total also on Summary of Schedules.)

In re _____    Case No. _____
          Debtor                                                                    (If known)

# SCHEDULE F—CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
## (Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM, IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.   12-5707-2781219436-09<br><br>**VERIZON**<br>Post Office Box 33056<br>St. Petersburg, FL  33733-8056 | | | | | | | 10,263.14 |
| ACCOUNT NO.<br><br>**WASTE MANAGEMENT**<br>Post Office Box 147<br>Sumner, IL  62466-0147 | | | | | | | 422.28 |
| ACCOUNT NO.<br><br>**PERSONAL ATTENTION LEASING, INC.**<br>103 Ford Lane<br>Hazelwood,MO  63042 | | | | | | | 11,315.51 |
| ACCOUNT NO.  64114419<br><br>Accent Service Company<br>7171 Mercy Rd., Ste. 150<br>Omaha, NE  68106-2626 | | | For:Qwest Communications | | | | 471.44 |
| ACCOUNT NO. **CZD95**<br><br>Airgas-Mid America<br>Post Office Box 1117<br>Bowling Green, KY  42102-1117 | | | | | | | 174.33 |

Sheet no. _____ of _____ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal ▶ $
(Total of this page)

Total ▶ $
(Use only on last page of the completed Schedule E.)
(Report total also on Summary of Schedules.)

In re _____        Case No. _____
                Debtor                                    (If known)

# SCHEDULE F—CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
## (Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.    11953<br><br>Mark A. Brueggemann, P.C.<br>Attorney at Law<br>2011 Mall Street, Suite B<br>Collinsville, IL  62234 | | | For:   Principal Financial Group | | | | 6,431.41 |
| ACCOUNT NO. 5417122666924608<br><br>First USA<br>Post Office Box 50882<br>Henderson, NV  89016-0882 | | | | | | | 11,583.53 |
| ACCOUNT NO.<br><br>Florilli Corporation<br>Attn:  Linda White<br>Post Office Box 186<br>West Liberty, IA  52776 | | | | | | | 794.56 |
| ACCOUNT NO.  9708711016 136<br><br>Advantage Receivable Solutions<br>Post Office Box 6195, Dept. 37<br>Omaha, NE  68106-0195 | | | | | | | 434.34 |
| ACCOUNT NO.  Z597602<br><br>Eastern Mercantile Corporation<br>Post Office Box 440406<br>Somerville, MA  02144-0901 | | | | | | | 234.00 |

Sheet no. _____ of _____ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal ▶ |$
(Total of this page)

Total ▶ |$
(Use only on last page of the completed Schedule E.)
(Report total also on Summary of Schedules.)

FORM B6F - Cont.

In re _____          Case No. _____
                    Debtor                                            (If known)

# SCHEDULE F—CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
## (Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM, IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.   z597602<br><br>Gereboff & Gelade<br>Attorneys at Law<br>207 Waterman Street<br>Providence, RI   02906 | | | For One Beacon/CGU Insurance | | | | 234.00 |
| ACCOUNT NO.<br><br>Kaufman & Rothfeder, P.C.<br>Post Office Drawer 4540<br>Motngomery, AL  36103-4540 | | | | | | | 2,332.44 |
| ACCOUNT NO.   5490-9944-7000-0787<br><br>MBNA Platinum Plus<br>Post Office Box 15137<br>Wilmington, DE  19986-5137 | | | | | | | 15,733.58 |
| ACCOUNT NO.   1483715<br><br>OSI Collection Services<br>2920 Prospect Park Dr.<br>Rancho Cordova, CA  95670-6036 | | | | | | | 17.92 |
| ACCOUNT NO.<br><br>Peoplepc Membership Fee<br> Services<br>Post Office Box 5156<br>Sioux Falls, SD 57117-5156 | | | | | | | 49.90 |

Sheet no. _____ of _____ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal ▶ | $
(Total of this page)

Total ▶ | $
(Use only on last page of the completed Schedule E.)
(Report total also on Summary of Schedules.)

FORM B6F - Cont.

In re _____     Case No. _____
            Debtor                                    (If known)

## SCHEDULE F—CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM, IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  4428-6709-8010-0958 <br><br> Providian <br> Post Office Box 660737 <br> Dallas, TX  75266 | | | | | | | 19,803.97 |
| ACCOUNT NO. <br><br> Unitrin <br> Attn:  Deisy Palacios <br> Post Office Box 655028 <br> Dallas, TX  75265-9953 | | | | | | | |
| ACCOUNT NO. <br><br> Richland Memorial Hospital <br> 800 East Locust Street <br> Olney, IL  62450-2598 | | | | | | | 680.05 |
| ACCOUNT NO. <br><br> Toyota Motor Credit Corporation <br> Post Office Box 2431 <br> Carol Stream, IL  60132-2431 | | | | | | | 2,362.02 |
| ACCOUNT NO.  94869-000-0042674792 <br><br> Transworld Systems, Inc. <br> 12935 North Forty Dr. #102 <br> St. Louis, MO  63141 | | | For:  Plainfield Trucking | | | | 525.00 |

Sheet no. _____ of _____ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal ▶ | $
(Total of this page)

Total ▶ | $
(Use only on last page of the completed Schedule E.)

(Report total also on Summary of Schedules.)

FORM B6F - Cont.

In re _____    Case No. _____
                    Debtor                                        (If known)

## SCHEDULE F—CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM, IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO.<br><br>Usbank<br>Post Office Box 790428<br>St. Louis, MO  63179-0428 | | | | | | | 4,315.92 |
| ACCOUNT NO.    2019651WCC<br><br>Weber Medical Clinic<br>1200 North East Street<br>Olney, IL  62450-2499 | | | | | | | 283.50 |
| ACCOUNT NO.<br><br>Wells Fargo<br>Post Office Box 5247<br>Denver, CO  80274 | | | Overdrawn Checking | | | | 3,173.71 |
| ACCOUNT NO.<br><br>Worthington, Moore & Jacobs<br>850 S. State Street, Suite 5<br>Dover, DE  19901 | | | For:  Federal Express<br><br>"See Previous Listing<br>  for Claim Amount" | | | | |

Sheet no. _____ of _____ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal ▶  $
(Total of this page)

Total ▶  $ 771,373.55
(Use only on last page of the completed Schedule E.)
(Report total also on Summary of Schedules.)

In re _____          Case No. _____
                 Debtor                                   (If known)

# SCHEDULE G—EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any time-share interests.

State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease.

Provide the names and complete mailing addresses of all other parties to each lease or contract described.

NOTE: A party listed on this schedule will not receive notice of the filing of this case unless the party is also scheduled in the appropriate schedule of creditors.

☐ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY, STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| AXIS CAPITAL<br>Post Office Box 2555<br>Grand Island,NE  68802 | Computers, Software and 1987 Ford Welder Truck |
| CITICAPITAL COMM. CORPORATION<br>Post Office Box 140729<br>Irving, TX  75014 | 3-200 Freightliner Trucks |
| FIFTH THIRD LEASING<br>38 Fountain Square Plaza<br>Cincinnati, OH  45263 | 9-Utility 53' Reefers<br>2000 Dodge Ram TRuck |
| TRANSLEASE<br>426 W. Lankster<br>Devon, PA  19333 | 24-2001 FreightLiner Trucks<br>31-Trailers<br> 8-199 Wabash<br>23-2001 Utility |
| WALLWORKS<br>Post Office Box 628<br>Fargo, ND  58107-0628 | 6-2001 Freightliner Trucks |
| UNITED LEASING<br>3700 Morgan Avenue<br>Evansville, IN  47715 | 8 Trailers<br>5-2001 Utility TRailers<br>3-2001 Great Dane |

In re _____    Case No. _____
　　　　　　　　Debtor　　　　　　　　　　　　　　　　　　　(If known)

# SCHEDULE H—CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. In community property states, a married debtor not filing a joint case should report the name and address of the nondebtor spouse on this schedule. Include all names used by the nondebtor spouse during the six years immediately preceding the commencement of this case.

☐ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| Anna Cantrell<br>Olney, IL  62450 | Fifth Third Leasing<br>38 Fountain Square Plaza<br>Cincinnati, OH  45263 |
| Starla Price<br>8121 Longneedle Place<br>Montgomery, AL  36117 | Fifth Third Leasing<br>38 Fountain Square Plaza<br>Cincinnati, OH  45263 |
| | Conseco<br>332 Minesota Street<br>Ste. Mail Stop F5w7<br>St. Paul, MN  55101 |

FORM B6I

In re _____    Case No. _____
                    Debtor                                    (If known)

# SCHEDULE I—CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by a married debtor in a chapter 12 or 13 case whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | | |
|---|---|---|---|
| **Divorced** | NAMES | AGE | RELATIONSHIP |
| | Stephen Price | 10 | Son |
| | Cassie Price | 7 | Daughter |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | President | |
| Name of Employer | Cross Country Freight Lines, Inc. | |
| How long employed | 3 1/2 years | |
| Address of Employer | 465 Furnace Street Montgomery, AL 36104 | |

| **Income:** (Estimate of average monthly income) | | DEBTOR | SPOUSE |
|---|---|---|---|
| Current monthly gross wages, salary, and commissions (pro rate if not paid monthly.) | Salary Draw | $ 6,000.00 | $ |
| Estimated monthly overtime | | $ | $ |
| SUBTOTAL | | $ 6,000.00 | $ |
| LESS PAYROLL DEDUCTIONS | | | |
| a. Payroll taxes and social security | | $ | $ |
| b. Insurance | | $ | $ |
| c. Union dues | | $ | $ |
| d. Other (Specify: ) | | $ | $ |
| SUBTOTAL OF PAYROLL DEDUCTIONS | | $ | $ |
| TOTAL NET MONTHLY TAKE HOME PAY | | $ | $ |
| Regular income from operation of business or profession or farm (attach detailed statement) | | $ | $ |
| Income from real property | | $ | $ |
| Interest and dividends | | $ | $ |
| Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above. | | $ | $ |
| Social security or other government assistance (Specify) | | $ | $ |
| Pension or retirement income | | $ | $ |
| Other monthly income (Specify) | | $ | $ |
| (Specify) | | $ | $ |
| TOTAL MONTHLY INCOME | | $ 6,000.00 | $ |

TOTAL COMBINED MONTHLY INCOME  $ _____          (Report also on Summary of Schedules)

Describe any increase or decrease of more than 10% in any of the above categories anticipated to occur within the year following the filing of this document:

In re _____          Case No. _____
            Debtor                                              (If known)

# SCHEDULE J—CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average monthly expenses of the debtor and the debtor's family. Pro rate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---|
| Rent or home mortgage payment (include lot rented for mobile home) | $ | 1,000.00 |
| Are real estate taxes included?    Yes _____    No **X** | | |
| Is property insurance included?    Yes _____    No **X** | | |
| Utilities    Electricity and heating fuel | $ | -0- |
| Water and sewer | $ | -0- |
| Telephone | $ | 250.00 |
| Other | $ | -0- |
| Home maintenance (repairs and upkeep) | $ | -0- |
| Food | $ | 250.00 |
| Clothing | $ | 150.00 |
| Laundry and dry cleaning | $ | -0- |
| Medical and dental expenses | $ | -0- |
| Transportation (not including car payments) | $ | -0- |
| Recreation, clubs and entertainment, newspapers, magazines, etc. | $ | 200.00 |
| Charitable contributions | $ | -0- |
| Insurance (not deducted from wages or included in home mortgage payments) | | |
| Homeowner's or renter's | $ | -0- |
| Life | $ | -0- |
| Health | $ | 500.00 |
| Auto | $ | 70.00 |
| Other | $ | -0- |
| Taxes (not deducted from wages or included in home mortgage payments) | | |
| (Specify) | $ | -0- |
| Installment payments: (In chapter 12 and 13 cases, do not list payments to be included in the plan) | | |
| Auto | $ | 464.00 |
| Other | $ | -0- |
| Other | $ | -0- |
| Alimony, maintenance, and support paid to others | $ | 3,000.00 |
| Payments for support of additional dependents not living at your home | $ | -0- |
| Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ | -0- |
| Other    **Property Settlement** | $ | 12,000.00 |

TOTAL MONTHLY EXPENSES (Report also on Summary of Schedules)    | $ | 17,884.00 |

(FOR CHAPTER 12 AND 13 DEBTORS ONLY)
Provide the information requested below, including whether plan payments are to be made bi-weekly, monthly, annually, or at some other regular interval.

| | |
|---|---|
| A. Total projected monthly income | $ |
| B. Total projected monthly expenses | $ |
| C. Excess income (A minus B) | $ |
| D. Total amount to be paid into plan each | $ |
|                                        (interval) | |

In re _____        Case No. _____
              Debtor                                            (If known)

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ sheets, and that they are true and correct to the best of my knowledge, information, and belief.                                   (Total shown on summary page plus 1.)

Date ___3-11-02___                Signature: _____
                                                                    Debtor
                                                  STEPHEN L. PRICE

Date _____        Signature: _____
                                                          (Joint Debtor, if any)

(If joint case, both spouses must sign.)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the _____        [the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership] of the _____ [corporation or partnership] named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ sheets, and that they are true and correct to the best of my knowledge, information, and belief.
(Total shown on summary page plus 1.)

Date _____        Signature: _____

_____
(Print or type name of individual signing on behalf of debtor.)

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. § § 152 and 3571.

Form 7. STATEMENT OF FINANCIAL AFFAIRS

# United States Bankruptcy Court

DISTRICT OF

In re _____          Case No. _____
            Debtor                                              (If known)

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouse filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs.

Questions 1 - 15 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 16 - 21. Each question must be answered. If the answer to any question is "None," or the question is not applicable, mark the box labeled "None." If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### DEFINITIONS

"In business." A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within the two years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or person in control of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed.

"Insider." The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any person in control of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101(30).

To distinguish Husband (H), Wife (W), Joint (J) or Community (C) precede the answer with appropriate symbol. Example: (H) $10,000.

---

None
☐

**1. Income from employment or operation of business**

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the two years immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT                                                    SOURCE (if more than one)

1999 – 78,000.00 year                         **Cross Country Freight Lines, Inc.**

2000 – 78,000.00 year                         **Cross County Freight Lines, Inc.**

---

None
☒

**2. Income other than from employment or operation of business**

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the two years immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT                                                    SOURCE

**3. Payments to creditors**

None
[X]

a. List all payments on loans, installment purchases of goods or services, and other debts, aggregating more than $600 to any creditor, made within 90 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None
[X]

b. List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

**4. Suits, executions, garnishments and attachments**

None
[ ]

a. List all suits to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|

See Attached List

None
[X]

b. Describe all property that has been attached, garnished or seized under any legal or equitable process within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

## 4. Suits, Executions, Garnishments and Attachments

| Caption of Suit | Nature of Proceeding | Court & Location | Status |
|---|---|---|---|
| Trust Bank v. Cross Country Freight Lines | Civil | Richland Co., IL | Pending |
| Fifth Third v. Cross Country Freight Lines | Civil | | Pending |
| Fifth Third Leasing v. Cross Country Freight Lines | Civil | Hamilton Co., OH | Pending |
| Great Plains Transp. v. Cross Country Freight Lines | Civil | | Pending |
| Rick & Terri Hatfield v. Cross Country Freight Lines | Civil | Morgan Co., IL | Judgment |
| Vivan & Elmo Coston v. Cross Country Freight Lines | Civil | Sangamon, IL | Pending |
| Shelton Trucking v. Cross Country Freight Lines | Civil | Vanzandt Co., TX | Pending |

**5. Repossessions, foreclosures and returns**

None ☐

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Fifth Third Leasing | October 2001/Repossession | 2 Trailers |
| CitiCapital/Associates | October 2001/Repossession | 1 Truck & 1 Trailer |

**6. Assignments and receiverships**

None ☒

a. Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None ☒

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

**7. Gifts**

None ☒

List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

None
☒

**8. Losses**

List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

None
☒

**9. Payments related to debt counseling or bankruptcy**

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

None
☐

**10. Other transfers**

List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|
| Starla Price - Exwife 8121 Longneedle Montgomery, AL 36117 | August 2001 Per Divorce Decree | Real Estate |

None
☐

**11. Closed financial accounts**

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE AND NUMBER OF ACCOUNT AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

**12. Safe deposit boxes**

None
[X]

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

**13. Setoffs**

None
[X]

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

**14. Property held for another person**

None
[X]

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

**15. Prior address of debtor**

None
[ ]

If the debtor has moved within the two years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME(S) USED | DATES OF OCCUPANCY |
|---|---|---|
| 41600 RCR 38A<br>Steamboat Springs, CO | Stephen Price | 1997 − 2000 |
| Illinois, Louisianna, Alabama | Stephen Price | 2000−2001 |

FORM 7

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within the two years immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or otherwise self-employed.

*(An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business, as defined above, within the two years immediately preceding the commencement of this case.)*

16. Nature, location and name of business

None
☐

a. If the debtor is an individual, list the names and addresses of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partnership, sole proprietorship, or was a self-employed professional within the two years immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within the two years immediately preceding the commencement of this case.

b. If the debtor is a partnership, list the names and addresses of all businesses in which the debtor was a partner or owned 5 percent or more of the voting securities, within the two years immediately preceding the commencement of this case.

c. If the debtor is a corporation, list the names and addresses of all businesses in which the debtor was a partner or owned 5 percent or more of the voting securities within the two years immediately preceding the commencement of this case.

| NAME AND ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES OF OPERATION |
|---|---|---|
| Cross Country Freight Lines, Inc.<br>465 Furnace Street<br>Montgomery, AL  36104 | Trucking | June 1998 to Present |

17. Books, records and financial statements

None
☐

a. List all bookkeepers and accountants who within the six years immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|
| Ingalls & Ingalls<br>Post Office Box 774924<br>Steam Boat Springs, CO  80477 | 1998 to 2001 |

None
☒

b. List all firms or individuals who within the two years immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|

None
☐

c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

NAME AND ADDRESS

Ingalls & Ingalls
Post Office Box 774924
Steam Boat Springs, CO  80477

None ☐    d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued within the two years immediately preceding the commencement of this case by the debtor.

| NAME AND ADDRESS | DATE ISSUED |
|---|---|
| **Fifth Third Leasing**<br>**38 Fountain Square Plaza**<br>**Cincinnati, OH  45263** | 2000 |

---

### 18. Inventories

None ☒

a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY<br>(Specify cost, market or other basis) |
|---|---|---|
|  |  |  |

---

None ☒

b. List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

| DATE OF INVENTORY | NAME AND ADDRESSES OF CUSTODIAN<br>OF INVENTORY RECORDS |
|---|---|
|  |  |

---

### 19. Current Partners, Officers, Directors and Shareholders

None ☐

a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|---|---|---|
| **Stephen L. Price** | **President** | **100%** |

---

None ☐

b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE<br>OF STOCK OWNERSHIP |
|---|---|---|
| **Stephen L. Price** | **President** | **100%** |

**20. Former partners, officers, directors and shareholders**

None ☐

a. If the debtor is a partnership, list each member who withdrew from the partnership within one year immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|------|---------|--------------------|
| Anna Cantrell | Olney, IL | July 2001 |
| Starla Price | Montgomery, AL | August 2001 |

None ☒

b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|------------------|-------|---------------------|
| | | |

**21. Withdrawals from a partnership or distributions by a corporation**

None ☐

If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during one year immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|------------------------------------------------------|--------------------------------|------------------------------------------------------|
| Anna Cantrell - Former Partner | July 2001 | $1,000.00 |
| Starla Price - ExWife | August 2001 | -0- |

*[If completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date   **3-11-02**          Signature                        
of Debtor    STEPHEN L. PRICE

Date                            Signature
of Joint Debtor
(if any)

*[If completed on behalf of a partnership or corporation]*

I, declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date                            ,   Signature

Print Name and Title

[An individual signing on behalf of a partnership or corporation must indicate a position or relationship to debtor.]

_____ continuation sheets attached

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. § 152 and 3571*

Revised Statement of
Compensation Rule 2016(b)
OFFICIAL FORMS

# STATEMENT PURSUANT TO RULE 2016(b)

## UNITED STATES BANKRUPTCY COURT FOR THE

. . . . . . . . . . . . . . . . . . . . . . . . . . DISTRICT OF . . . . . . . . . . . . . . . . . . . . . . . . . —x

In re                                                                                          :

. . . . . . . . STEPHEN L. PRICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ,    :    Case No. . . . . . . . . . . . . . . . .

Debtor [set forth here all names including trade names used by Debtor within last 6 years].

Social Security Number . . . 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 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    :
                                                                                               —x

The undersigned, pursuant to Rule 2016(b) Bankruptcy Rules, states that:

(1) The undersigned is the attorney for the debtor(s) in this case.

(2) The compensation paid or agreed to be paid by the debtor(s) to the undersigned is:    $ .–0–. . . . . . . . . . . . .
   (a) for legal services rendered or to be rendered in contemplation of and in connection    $ .$830.00 .filing fee
       with this case                                                                          $ .Hourly .rate approved
   (b) prior to filing this statement, debtor(s) have paid                                         by Court
   (c) the unpaid balance due and payable is

(3) $                        of the filing fee in this case has been paid.

(4) The services rendered or to be rendered include the following:
   (a) analysis of the financial situation, and rendering advice and assistance to the debtor(s) in determining whether to file a
       petition under title 11 of the United States Code.
   (b) preparation and filing of the petition, schedules, statement of affairs and other documents required by the court.
   (c) representation of the debtor(s) at the meeting of creditors.

(5) The source of payments made by the debtor(s) to the undersigned was from earnings, wages and compensation for services
    performed, and

(6) The source of payments to be made by the debtor(s) to the undersigned for the unpaid balance remaining, if any, will be from
    earnings, wages and compensation for services performed, and

(7) The undersigned has received no transfer, assignment or pledge of property except the following for the value stated:

(8) The undersigned has not shared or agreed to share with any other entity, other than with members of undersigned's law firm,
    any compensation paid or to be paid except as follows:

Dated: 3-11-06              Respectfully submitted, _Charles N. Parnell_____ . . . . . . . . Attorney for Petitioner

Attorney's name and address . . . . CHARLES N. PARNELL, III, P.O. BOX 2189, MONTGOMERY, AL  36102-2189 . . . . . . . . . .

REVISED STATEMENT OF COMPENSATION: RULE 2016(b)

GRAHAM-PIERCE LEGAL PRINTERS • P.O. BOX 1866 • FAIRVIEW HEIGHTS, IL 62208 • PHONE 1-800-851-3899, (IN ILLINOIS) 1-800-237-1607, 1-618-632-5600

# Appendix 1

# Exhibit D

.0

**ToDistrict**

# U.S. Bankruptcy Court
## Middle District of Alabama (Montgomery)
## Adversary Proceeding #: 05-03063

*Assigned to:* William R. Sawyer
*Related BK Case:* 02-30767
*Related BK Title:* Stephen L. Price          *Date Filed:* 08/12/05
*Demand:*
*Nature of Suit:* 454


## Plaintiff
----------------------

**Susan S. DePaola, Trustee**          represented by  **James L. Day**
1726 West Second Street                               Memory & Day
Suite B                                               P.O. Box 4054
Montgomery, AL 36106                                  Montgomery, AL 36103-4054
334-262-1600                                          334 834-8000
                                                      Fax : 334 834-8001
                                                      Email: jlday@memorylegal.com

                                                      **Von G. Memory**
                                                      Memory & Day
                                                      P. O. Box 4054
                                                      469 S.McDonough St.
                                                      Montgomery, AL 36101
                                                      334-834-8000
                                                      Fax : 334-834-8001
                                                      Email: vgmemory@memorylegal.com

                                                      **William D. Azar**
                                                      Memory & Day
                                                      PO Box 4054
                                                      Montgomery, AL 36104
                                                      334-834-8000
                                                      Fax : 334-834-8001
                                                      Email: wdazar@memorylegal.com


V.


## Defendant
----------------------

**Stephen L. Price**                   represented by  **Britt-AM Griggs**
2252 Country Club Dr.                                 Parnell and Crum, P.A.
Montgomery, AL 36101                                  P.O. Box 2180
                                                      Montgomery, AL 36102-2189
                                                      334-832-4200
                                                      Email: bkrp@parnellcrum.com

Charles N. Parnell, III
Parnell & Crum, P.A.
P. O. Box 2189
Montgomery, AL 36102
334 832-4200
Email: bkrp@parnellcrum.com
*LEAD ATTORNEY*

**Starla Watson Price Frazier**                    represented by  **David B. Anderson**
C/o David Anderson                                                Waller Lansden Dortch & Davis, LLC
Walston, Wells, Anderson & Bains, LLP                             1901 Sixth Avenue North, Ste 1900
P. O. Box 830642                                                  Birmingham, AL 35203
Birmingham, AL 35283-0642                                         205-214-6380
                                                                  Fax : 205-214-8787
                                                                  Email: david.anderson@wallerlaw.com
                                                                  *LEAD ATTORNEY*

                                                                  **Deanna L. Weidner**
                                                                  Waller,Lansden,Dortch & Davis, LLP
                                                                  AmSouth-Harbert Plaza, Suite 1400
                                                                  1901 6th Avenue North
                                                                  Birmingham, AL 35203
                                                                  205-214-6380
                                                                  Fax : 205-214-8787
                                                                  Email: deanna.weidner@wallerlaw.com

**Counter-Claimant**
-----------------------

**Starla Frazer**                                  represented by
Waller Lansden Dortch & Davis, LLP
1901 Sixth Avenue North                                           **David B. Anderson**
Suite 1400                                                        (See above for address)
Birmingham, AL 35203

                                                                  **Deanna L. Weidner**
                                                                  (See above for address)

V.

**Counter-Defendant**
-----------------------

**Baddley & Mauro, LLC**                           represented by  **Andre M. Toffel**
c/o Andre' M. Toffel, Esquire                                     Toffel & Altmann, P.C.
1929 3rd Ave North                                                1929 3rd Avenue North
Suite 400                                                         Birmingham, AL 35203
Birmingham, AL 35203                                              205-252-7115
                                                                  Fax : 205-252-0181
                                                                  Email: atoffel@wwisp.com

**Thomas E. Baddley**                              represented by  **Andre M. Toffel**
Baddley & Mauro                                                   (See above for address)
2545 Highland Ave., Suite 201

Birmingham, AL 35205-0000

**Susan S. DePaola, Trustee**
1726 West Second Street
Suite B
Montgomery, AL 36106
334-262-1600

represented by

**Von G. Memory**
(See above for address)

**Cross-Claimant**
------------------------

**Starla Watson Price Frazier**
C/o David Anderson
Walston, Wells, Anderson & Bains, LLP
P. O. Box 830642
Birmingham, AL 35283-0642

represented by

**David B. Anderson**
(See above for address)

V.

**Cross Defendant**
------------------------

**Stephen L. Price**
P.O. BOX 241806
MONTGOMERY, AL 36124
SSN: xxx-xx-8848

represented by

**Charles-AM Parnell**
Parnell & Crum, P.A.
P.O. Box 2189
Montgomery, AL 36102
832-4200
Email: bkrp@parnellcrum.com

| Filing Date | # | Docket Text |
|---|---|---|
| 08/12/2005 | 1 | 454 (Recover Money/Property): Complaint against Stephen L. Price, Starla Watson Price Frazier. Fee Amount $150. Filed by Von G. Memory, James L. Day, Susan S. DePaola, Trustee, Starla Watson Price Frazier on behalf of Susan S. DePaola, Trustee. (Attachments: # 1 Supplement Summons# 2 Supplement Adversary Cover Sheet) (Memory, Von) (Entered: 08/12/2005) |
| 08/12/2005 | 2 | Receipt of Complaint(05-03063) [cmp,cmp] ( 150.00) filing fee. Receipt number 1504681, amount $ 150.00. (U.S. Treasury) (Entered: 08/12/2005) |
| 08/15/2005 | 3 | Summons Issued to Susan S. DePaola, Trustee to serve on defendants - Starla Watson Price Frazier Date Issued 8/15/2005, Answer Due 9/14/2005; Stephen L. Price Date Issued 8/15/2005, Answer Due 9/14/2005. Execution of Summons to be done by 8/25/2005. (RK, ) (Entered: 08/15/2005) |
| 08/17/2005 | 4 | BNC Certificate of Service - See Image Attached - (RE: related document(s) 3 Summons Issued, ). No. of Notices: 3. Service Date 08/17/2005. (Admin.) (Entered: 08/18/2005) |
| 08/19/2005 | 5 | Summons Service Executed on Starla Watson Price Frazier 8/19/2005; |

| | | |
|---|---|---|
| | | Stephen L. Price 8/18/2005. (RE: related document(s)3 Summons Issued, ). (Day, James) (Entered: 08/19/2005) |
| 09/08/2005 | 6 | Request for Issuance of Summons (Non-Image Entry) Filed by James L. Day on behalf of Susan S. DePaola, Trustee. (Day, James) (Entered: 09/08/2005) |
| 09/13/2005 | 7 | Summons Reissued to James L. Day to serve on defendant - Stephen L. Price Date Issued 9/13/2005, Answer Due 10/13/2005. Execution of Summons to be done by 9/23/2005. (RK, ) (Entered: 09/13/2005) |
| 09/14/2005 | 8 | Motion to Dismiss Adversary Proceeding *and for Other Relief* Filed by David B. Anderson on behalf of Starla Watson Price Frazier. (Anderson, David) (Entered: 09/14/2005) |
| 09/15/2005 | 9 | BNC Certificate of Service - See Image Attached - (RE: related document(s) 7 Summons Reissued). No. of Notices: 1. Service Date 09/15/2005. (Admin.) (Entered: 09/16/2005) |
| 09/16/2005 | 10 | Summons Service Executed on Stephen L. Price 9/14/2005. (RE: related document(s)7 Summons Reissued). (Day, James) (Entered: 09/16/2005) |
| 09/19/2005 | 11 | Notice of Hearing Set (RE: related document(s)8 Motion to Dismiss Adversary Proceeding). Hearing scheduled for 10/4/2005 at 10:00 AM at Courtroom 4D, Judge Sawyer Presiding, U.S. Bankruptcy Court, Montgomery, AL. (JPC, ) (Entered: 09/19/2005) |
| 09/21/2005 | 12 | BNC Certificate of Service - Hearing - (RE: related document(s)11 Hearing (Bk)). No. of Notices: 2. Service Date 09/21/2005. (Admin.) (Entered: 09/22/2005) |
| 10/04/2005 | 13 | Hearing Continued from 10/4/05 on matter filed by David B. Anderson of Waller Lansden Dortch & Davis, PLLC (RE: related document(s)8 Motion to Dismiss Adversary Proceeding). Hearing scheduled for 10/12/2005 at 10:00 AM at Opelika Federal Courthouse, U.S. Bankruptcy Court. (BL, ) (Entered: 10/04/2005) |
| 10/10/2005 | 14 | Motion to Dismiss Party *Motion of Stephen L. Price to Dismiss and Other Relief* Filed by Charles-AM Parnell on behalf of Stephen L. Price. (Parnell, Charles-AM) (Entered: 10/10/2005) |
| 10/11/2005 | 15 | Response to Filed by William D. Azar on behalf of Susan S. DePaola, Trustee (RE: related document(s)8 Motion to Dismiss Adversary Proceeding filed by Defendant Starla Watson Price Frazier). (Azar, William) (Entered: 10/11/2005) |
| 10/11/2005 | 16 | Motion *To Strike Portions Outside of Pleadings* Filed by William D. Azar on behalf of Susan S. DePaola, Trustee (RE: related document(s)8 Motion to Dismiss Adversary Proceeding filed by Defendant Starla Watson Price Frazier). (Azar, William) (Entered: 10/11/2005) |

| 10/14/2005 | <u>17</u> | Opinion / Memorandum Decision Entered On 10/14/2005 (RE: related document(s)<u>8</u> Motion to Dismiss Adversary Proceeding filed by Defendant Starla Watson Price Frazier, <u>15</u> Response filed by Plaintiff Susan S. DePaola, Trustee). (RK, ) (Entered: 10/14/2005) |
|---|---|---|
| 10/14/2005 | <u>18</u> | Order Denying Motion to Dismiss Adversary Proceeding (Related Doc # <u>8</u>), Denying Motion (Related Doc # <u>16</u>) Entered On 10/14/2005. (RK, ) (Entered: 10/14/2005) |
| 10/16/2005 | <u>19</u> | BNC Certificate of Service - See Image Attached - (RE: related document(s) <u>17</u> Opinion). No. of Notices: 5. Service Date 10/16/2005. (Admin.) (Entered: 10/19/2005) |
| 10/16/2005 | <u>20</u> | BNC Certificate of Service - See Image Attached - (RE: related document(s) <u>18</u> Order on Motion to Dismiss Adversary Proceeding, ). No. of Notices: 4. Service Date 10/16/2005. (Admin.) (Entered: 10/19/2005) |
| 10/20/2005 | <u>21</u> | Scheduling Order Entered On 10/20/2005. Dispositive Pretrial Motions due by 4/30/2006. Responses due by 5/31/2006. Replies due by 6/15/2006. Pretrial Initial Disclosures due by 11/18/2005. Defendant Pretrial Disclosures due by 12/5/2005. Discovery due by 3/31/2006. Amendments to the pleadings due by 1/15/2006 (RK, ) (Entered: 10/20/2005) |
| 10/23/2005 | <u>22</u> | BNC Certificate of Service - See Image Attached - (RE: related document(s) <u>21</u> Scheduling Order, ). No. of Notices: 3. Service Date 10/23/2005. (Admin.) (Entered: 10/24/2005) |
| 10/24/2005 | <u>23</u> | Notice of Telephone Hearing Set (RE: related document(s)<u>14</u> Stephen L. Price Motion to Dismiss Party). Hearing scheduled for 11/8/2005 at 09:00 AM at Telephone Hearing. (JPC, ) (Entered: 10/24/2005) |
| 10/26/2005 | <u>24</u> | BNC Certificate of Service - Telephone Hearing - (RE: related document(s) <u>23</u> Telephone Hearing). No. of Notices: 3. Service Date 10/26/2005. (Admin.) (Entered: 10/27/2005) |
| 11/08/2005 | <u>25</u> | Response to *Stephen L. Price's Motion to Dismiss* Filed by David B. Anderson on behalf of Starla Watson Price Frazier (RE: related document(s) <u>14</u> Motion to Dismiss Party filed by Defendant Stephen L. Price). (Anderson, David) (Entered: 11/08/2005) |
| 11/08/2005 | <u>26</u> | Answer to Complaint , *Crossclaim and Counterclaim*, Counterclaim by Defendant Starla Watson Price Frazier, Counter-Defendants Thomas E. Baddley, Susan S. DePaola, Trustee, Cross Defendant Stephen L. Price against Thomas E. Baddley, Susan S. DePaola, Trustee, Crossclaim by Defendant Starla Watson Price Frazier, Counter-Defendants Thomas E. Baddley, Susan S. DePaola, Trustee, Cross Defendant Stephen L. Price against Stephen L. Price Filed by David B. Anderson on behalf of Starla Watson Price Frazier. (Anderson, David) (Entered: 11/08/2005) |
| 11/16/2005 | 27 | Request for Issuance of Summons (*Thomas E. Baddley added as* |

| | | |
|---|---|---|
| | | *Counterclaim Defendant)* (Non-Image Entry) Filed by David B. Anderson on behalf of Starla Watson Price Frazier. (Anderson, David) (Entered: 11/16/2005) |
| 11/18/2005 | 28 | Answer to Crossclaim *Answer of Defendant, Stephen L. Price to Crossclaim* Filed by Charles-AM Parnell on behalf of Stephen L. Price. (Parnell, Charles-AM) (Entered: 11/18/2005) |
| 11/18/2005 | 29 | Submission of Pretrial Documents *(Initial Disclosures, 7026(a)(1))* Filed by Von G. Memory on behalf of Susan S. DePaola, Trustee (RE: related document(s)21 Scheduling Order, ). (Memory, Von) (Entered: 11/18/2005) |
| 11/22/2005 | 30 | Third Party Summons Issued to David B. Anderson to be served on Counterclaim Defendant Susan S. DePaula, Trustee and Thomas E. Baddley, Counterclaim Defendant Date Issued 11/22/2005, Answer Due 12/22/2005. Execution of Summons to be done by 12/2/2005. (RK, ) (Entered: 11/22/2005) |
| 12/05/2005 | 31 | 10 days have passed since the issuance of summons. Notice is hereby given that pursuant to Fed. R. Bankr. Proc. 7004(e), the summons issued is not serviceable. Upon Plaintiffs request, a new summons will be issued by the Clerk. (RE: related document(s)30 Summons Issued, ). (RK, ) (Entered: 12/05/2005) |
| 12/05/2005 | 32 | Request for Issuance of Summons *Thomas E. Baddley added as Counterclaim Defendant* (Non-Image Entry) Filed by David B. Anderson on behalf of Starla Watson Price Frazier. (Anderson, David) (Entered: 12/05/2005) |
| 12/06/2005 | 33 | Third Party Summons Issued to David B. Anderson to be served on Counterclaim Defendant Thomas E. Baddley Date Issued 12/6/2005, Answer Due 1/5/2006; Susan S. DePaola, Trustee Date Issued 12/6/2005, Answer Due 1/5/2006. Execution of Summons to be done by 12/16/2005. (RK, ) (Entered: 12/06/2005) |
| 12/13/2005 | 34 | Answer to Counterclaim *and Motion to Strike Jury Demand* Filed by Von G. Memory on behalf of Susan S. DePaola, Trustee. (Memory, Von) (Entered: 12/13/2005) |
| 12/16/2005 | 35 | Summons Service Executed on Thomas E. Baddley 12/15/2005. (RE: related document(s)33 Summons Issued, ). (Anderson, David) (Entered: 12/16/2005) |
| 12/28/2005 | 36 | Motion For Summary Judgment *on Statute of Limitations and Memorandum in Support Thereof* Filed by David B. Anderson on behalf of Starla Watson Price Frazier. (Anderson, David) Additional attachment(s) added on 12/30/2005 (DY, ). (Entered: 12/28/2005) |
| 01/05/2006 | 37 | Order on Motion for Summary Judgment Entered On 1/5/2006. Responses due by 1/31/2006, reply due by 2/10/2006. (RE: Related Document #36) (RK, ) (Entered: 01/05/2006) |

| | | |
|---|---|---|
| 01/05/2006 | | Response Deadline Updated (Non-Image Entry) (RE: related document(s)37 Summary Judgment). Responses due by 1/31/2006. (RK, ) (Entered: 01/05/2006) |
| 01/05/2006 | 38 | DISREGARD ENTRY - INCORRECT EVENT USED - REDOCKETED AT DOC #39 - Motion *to Dismiss* Filed by Andre M. Toffel on behalf of Thomas E. Baddley (RE: related document(s)26 Answer to Complaint,,, Counterclaim,,, Crossclaim,, filed by Cross-Claimant Starla Watson Price Frazier, Defendant Starla Watson Price Frazier). (Toffel, Andre) Modified text on 1/6/2006 (RK, ). (Entered: 01/05/2006) |
| 01/06/2006 | 39 | Motion to Dismiss Party *, Dismiss the Counterclaim and/or Cross Claim* Filed by Andre M. Toffel on behalf of Thomas E. Baddley. (RK, ) (Entered: 01/06/2006) |
| 01/09/2006 | 40 | Notice of Hearing Set (RE: related document(s)39 Thomas Baddley Motion to Dismiss Party). Hearing scheduled for 1/24/2006 at 10:00 AM at Courtroom 4D, Judge Sawyer Presiding, U.S. Bankruptcy Court, Montgomery, AL. (JPC, ) (Entered: 01/09/2006) |
| 01/09/2006 | 41 | Notice of Change of Address *AND LAW FIRM AND NOTICE OF APPEARANCE* Filed by Deanna L. Weidner on behalf of Starla Watson Price Frazier. (Weidner, Deanna) (Entered: 01/09/2006) |
| 01/11/2006 | 42 | BNC Certificate of Service - Hearing - (RE: related document(s)40 Hearing (Bk)). No. of Notices: 1. Service Date 01/11/2006. (Admin.) (Entered: 01/12/2006) |
| 01/17/2006 | 43 | Motion to Continue/Reschedule Hearing On *January 24, 2006 at 10:00 a.m.* Filed by Andre M. Toffel on behalf of Thomas E. Baddley (RE: related document(s)39,40 Motion to Dismiss Party filed by Counter-Defendant Thomas E. Baddley). (Toffel, Andre) Modified/Added Related Document Number on 1/18/2006 (RK, ). (Entered: 01/17/2006) |
| 01/24/2006 | 44 | Order on Motion to Dismiss And Order Granting Motion To Continue/Reschedule Hearing (Memorandum of Law DUE No Later than 2/10/2006) (Related Doc # 43) Entered On 1/24/2006. (RK, ) (Entered: 01/24/2006) |
| 02/02/2006 | 45 | Agreed Motion to Extend Time *to file Response to Motion for Summary Judgment* Filed by David B. Anderson, Von G. Memory on behalf of Susan S. DePaola, Trustee (RE: related document(s)37 Summary Judgment). (Memory, Von) (Entered: 02/02/2006) |
| 02/03/2006 | 46 | Order Granting Motion to Extend Time to File Brief (Briefing Deadline Extended to 2/3/2006) (Related Doc # 45) Entered On 2/3/2006. (RK, ) (Entered: 02/03/2006) |
| 02/03/2006 | 47 | Brief *, Objection, and,* Response to *the Motion For Summary Judgment by Starla Watson Frazier* Filed by Von G. Memory on behalf of Susan S. |

| | | |
|---|---|---|
| | | DePaola, Trustee (RE: related document(s)36 Motion for Summary Judgment filed by Cross-Claimant Starla Watson Price Frazier, Defendant Starla Watson Price Frazier). (Attachments: # 1 Exhibit - A# 2 Exhibit - B# 3 Exhibit - C) (Memory, Von) (Entered: 02/03/2006) |
| 02/08/2006 | 48 | Brief *in Support of Baddley's Motion to Dismiss* Filed by Andre M. Toffel on behalf of Thomas E. Baddley (RE: related document(s)39 Motion to Dismiss Party filed by Counter-Defendant Thomas E. Baddley). (Toffel, Andre) (Entered: 02/08/2006) |
| 02/13/2006 | 49 | MEMORANDUM DECISION/OPINION - Entered On 2/13/2006 (RE: related document(s)36 Motion for Summary Judgment filed by Cross-Claimant Starla Watson Price Frazier, Defendant Starla Watson Price Frazier, 45 Motion to Extend Time filed by Counter-Defendant Susan S. DePaola, Trustee, Plaintiff Susan S. DePaola, Trustee, 46 Order on Motion to Extend Time, 47 Brief,, Response, filed by Counter-Defendant Susan S. DePaola, Trustee, Plaintiff Susan S. DePaola, Trustee). (RK, ) (Entered: 02/13/2006) |
| 02/13/2006 | 50 | Order Setting Hearing on Request for Additional Time to Conduct Discovery and to Amend the Pleadings Entered On 2/13/2006 (RE: related document(s) 49 Opinion, ). Hearing scheduled for 2/28/2006 at 09:00 AM at Telephone Hearing. (RK, ) (Entered: 02/13/2006) |
| 02/13/2006 | 51 | Order Denying Motion For Summary Judgment (Related Doc # 36) Entered On 2/13/2006. (RK, ) (Entered: 02/13/2006) |
| 02/13/2006 | 52 | Response to *Reply to the Trustee's Response to Starla's Motion for Summary Judgment* Filed by Deanna L. Weidner on behalf of Starla Watson Price Frazier (RE: related document(s)47 Brief,, Response, filed by Counter-Defendant Susan S. DePaola, Trustee, Plaintiff Susan S. DePaola, Trustee). (Weidner, Deanna) (Entered: 02/13/2006) |
| 02/15/2006 | 53 | BNC Certificate of Service - See Image Attached - (RE: related document(s) 49 Opinion, ). No. of Notices: 1. Service Date 02/15/2006. (Admin.) (Entered: 02/16/2006) |
| 02/15/2006 | 54 | BNC Certificate of Service - See Image Attached - (RE: related document(s) 51 Order on Motion For Summary Judgment). No. of Notices: 1. Service Date 02/15/2006. (Admin.) (Entered: 02/16/2006) |
| 02/24/2006 | 55 | Motion *of Debtor Seeking Equitable Relief Regarding Form 1099 Report of Miscellaneous Income* Filed by Charles-AM Parnell on behalf of Stephen L. Price. (Attachments: # 1 Exhibit) (Parnell, Charles-AM) (Entered: 02/24/2006) |
| 02/27/2006 | 56 | Response to *Request for Additional time to Conduct Discovery and Amend the Pleadings* Filed by David B. Anderson on behalf of Starla Watson Price Frazier. (Anderson, David) (Entered: 02/27/2006) |

| 03/07/2006 | <u>57</u> | Notice of Hearing Set (RE: related document(s)<u>55</u> Defendant Stephen Price Motion Seeking Equitable Relief Regarding Form 1099 Report of Miscellaneous Income). Hearing scheduled for 4/4/2006 at 10:00 AM at Courtroom 4D, Judge Sawyer Presiding, U.S. Bankruptcy Court, Montgomery, AL. (JPC, ) (Entered: 03/07/2006) |
|---|---|---|
| 03/10/2006 | <u>58</u> | Response to *Motion to Dismiss* Filed by David B. Anderson on behalf of Starla Frazer (RE: related document(s)<u>39</u> Motion to Dismiss Party filed by Counter-Defendant Thomas E. Baddley). (Anderson, David) (Entered: 03/10/2006) |
| 03/13/2006 | <u>59</u> | Amended Complaint *(Adds Count for Fraudulent Transfer)* by Von G. Memory Plaintiff Susan S. DePaola, Trustee, Defendants Starla Watson Price Frazier, Stephen L. Price against Starla Watson Price Frazier, Stephen L. Price. (RE: related document(s)<u>1</u> Complaint, filed by Counter-Defendant Susan S. DePaola, Trustee, Plaintiff Susan S. DePaola, Trustee). (Memory, Von) (Entered: 03/13/2006) |
| 03/21/2006 | <u>60</u> | MEMORANDUM DECISION/OPINION - Entered On 3/21/2006 (RE: related document(s)<u>39</u> Motion to Dismiss Party filed by Counter-Defendant Thomas E. Baddley, <u>58</u> Response filed by Counter-Claimant Starla Frazer, <u>26</u> Answer to Complaint,,, Counterclaim,,, Crossclaim,, filed by Cross-Claimant Starla Watson Price Frazier, Defendant Starla Watson Price Frazier). (DW, ) (Entered: 03/21/2006) |
| 03/21/2006 | <u>61</u> | Order Denying Motion to Dismiss (Related Doc # <u>39</u>) Entered On 3/21/2006. (DW, ) (Entered: 03/21/2006) |
| 03/21/2006 | <u>62</u> | DISREGARD, DUPLICATE OF DE#60 - - MEMORANDUM DECISION/OPINION - Entered On 3/21/2006 (RE: related document(s)<u>39</u> Motion to Dismiss Party filed by Counter-Defendant Thomas E. Baddley, <u>58</u> Response filed by Counter-Claimant Starla Frazer, <u>26</u> Answer to Complaint,,, Counterclaim,,, Crossclaim,, filed by Cross-Claimant Starla Watson Price Frazier, Defendant Starla Watson Price Frazier). (RK, ) Modified text on 3/21/2006 (RK, ). (Entered: 03/21/2006) |
| 03/21/2006 | <u>63</u> | DISREGARD, DUPLICATE OF DE#61 - Order Denying Motion to Dismiss Party (Related Doc # <u>39</u>, <u>62</u>) Entered On 3/21/2006. (RK, ) Modified text on 3/21/2006 (RK, ). (Entered: 03/21/2006) |
| 03/23/2006 | <u>64</u> | Submission of Documents: *Memorandum in Support of Debtor's Motion Seeking Equitable Relief Regarding Form 1099 Report of Miscellaneous Income* Filed by Britt-AM Griggs on behalf of Stephen L. Price (RE: related document(s)<u>55</u> Motion filed by Defendant Stephen L. Price). (Griggs, Britt-AM) (Entered: 03/23/2006) |
| 03/23/2006 | <u>65</u> | BNC Certificate of Service - See Image Attached - (RE: related document(s) <u>60</u> Opinion, ). No. of Notices: 1. Service Date 03/23/2006. (Admin.) (Entered: 03/24/2006) |

| 03/23/2006 | 66 | BNC Certificate of Service - See Image Attached - (RE: related document(s) 62 Opinion, ). No. of Notices: 1. Service Date 03/23/2006. (Admin.) (Entered: 03/24/2006) |
|---|---|---|
| 03/23/2006 | 67 | BNC Certificate of Service - See Image Attached - (RE: related document(s) 63 Order on Motion to Dismiss Party). No. of Notices: 1. Service Date 03/23/2006. (Admin.) (Entered: 03/24/2006) |
| 04/03/2006 | 68 | Response to *Debtor's Motion Seeking Equitable Relief Regarding Form 1099 Report of Miscellaneous Income* Filed by Deanna L. Weidner on behalf of Starla Frazer (RE: related document(s)55 Motion filed by Defendant Stephen L. Price). (Weidner, Deanna) (Entered: 04/03/2006) |
| 04/06/2006 | 69 | PRETRIAL Order Entered On 4/6/2006 (RE: related document(s)1 Complaint, filed by Counter-Defendant Susan S. DePaola, Trustee, Plaintiff Susan S. DePaola, Trustee). Discovery due by 5/1/2006. Pleadings May Be Amended No Later Than 3/17/06. Dispositive Pretrial Motions due by 5/1/2006. Responses due by 5/31/2006. Replies due by 6/15/06. Pre-Trial Conference set for 6/27/2006 at 01:30 PM at Courtroom 4D, Judge Sawyer Presiding, U.S. Bankruptcy Court, Montgomery, AL. TRIAL 8/21/06 (JC, ) (Entered: 04/06/2006) |
| 04/07/2006 | 70 | Motion for Protective Order Filed by Andre M. Toffel on behalf of Baddley & Mauro, LLC. (Attachments: # 1 Exhibit A# 2 Exhibit 1) (Toffel, Andre) (Entered: 04/07/2006) |
| 04/08/2006 | 71 | BNC Certificate of Service - See Image Attached - (RE: related document(s) 69 Scheduling Order, ). No. of Notices: 6. Service Date 04/08/2006. (Admin.) (Entered: 04/09/2006) |
| 04/10/2006 | 72 | Notice of Deposition Filed by Andre M. Toffel on behalf of Thomas E. Baddley, Baddley & Mauro, LLC. (Toffel, Andre) (Entered: 04/10/2006) |
| 04/11/2006 | 73 | Notice of Telephone Hearing Set (RE: related document(s)70 Motion for Protective Order). Hearing scheduled for 5/2/2006 at 9:00 AM at Telephone Hearing. (BL, ) (Entered: 04/11/2006) |
| 04/11/2006 | 74 | Order for Response on Entered On 4/11/2006 (Defendants Response Due by 5/11/2006) (RE: related document(s)34 Answer to Counterclaim filed by Counter-Defendant Susan S. DePaola, Trustee, Plaintiff Susan S. DePaola, Trustee). (RK, ) (Entered: 04/11/2006) |
| 04/11/2006 | 75 | MEMORANDUM DECISION/OPINION - Entered On 4/11/2006 (RE: related document(s)55 Motion filed by Defendant Stephen L. Price, 64 Submission of Documents, filed by Defendant Stephen L. Price). (RK, ) (Entered: 04/11/2006) |
| 04/11/2006 | 76 | Order Denying Motion (Denied Without Prejudice) (Related Doc # 55) Entered On 4/11/2006. (RK, ) (Entered: 04/11/2006) |

| 04/11/2006 | | Response Deadline Updated (Non-Image Entry) (RE: related document(s)74 Order). Responses due by 5/11/2006. (RK, ) (Entered: 04/11/2006) |
|---|---|---|
| 04/13/2006 | 77 | BNC Certificate of Service - See Image Attached - (RE: related document(s) 74 Order). No. of Notices: 2. Service Date 04/13/2006. (Admin.) (Entered: 04/14/2006) |
| 04/13/2006 | 78 | BNC Certificate of Service - See Image Attached - (RE: related document(s) 75 Opinion). No. of Notices: 2. Service Date 04/13/2006. (Admin.) (Entered: 04/14/2006) |
| 04/13/2006 | 79 | BNC Certificate of Service - See Image Attached - (RE: related document(s) 76 Order). No. of Notices: 1. Service Date 04/13/2006. (Admin.) (Entered: 04/14/2006) |
| 04/14/2006 | 80 | *Amended* Answer *, Crossclaim and Counterclaims* Filed by David B. Anderson on behalf of Starla Watson Price Frazier. (Anderson, David) (Entered: 04/14/2006) |
| 04/18/2006 | 81 | Answer *to the Amended Answer, Crossclaim, and Counterclaim of Starla Frazer* Filed by Von G. Memory on behalf of Susan S. DePaola, Trustee. (RE: Related Document #80) (Memory, Von) Modified text and added related DE# on 4/19/2006 (RK, ). (Entered: 04/18/2006) |
| 04/18/2006 | 82 | Agreed Motion to Extend Time *to Complete Discovery and File Dispositive Motions* Filed by David B. Anderson, Charles N. Parnell III, Andre M. Toffel, Deanna L. Weidner, Von G. Memory on behalf of Susan S. DePaola, Trustee. (Memory, Von) (Entered: 04/18/2006) |
| 04/24/2006 | 83 | Notice of Telephone Hearing Set (RE: related document(s)82 Agreed Motion to Extend Time for Discovery). Hearing scheduled for 5/2/2006 at 09:00 AM at Telephone Hearing. (JPC, ) (Entered: 04/24/2006) |
| 04/28/2006 | 84 | DISREGARD ENTRY - INCORRECT EVENT USED - REDOCKETED AT DOC #85 - Submission of Documents: *Notice of Discovery to the Defendants and the Plaintiff* Filed by Andre M. Toffel on behalf of Thomas E. Baddley, Baddley & Mauro, LLC. (Toffel, Andre) Modified text on 5/1/2006 (RK, ). (Entered: 04/28/2006) |
| 05/01/2006 | 85 | Discovery Request for *Defendants and the Plaintiff* Filed by Andre M. Toffel on behalf of Thomas E. Baddley, Baddley & Mauro, LLC. (RK, ) (Entered: 05/01/2006) |
| 05/01/2006 | 86 | Motion For Summary Judgment *and Memorandum in Support Thereof* Filed by Deanna L. Weidner on behalf of Starla Watson Price Frazier. (Weidner, Deanna) (Entered: 05/01/2006) |
| 05/08/2006 | 87 | Order Granting Motion to Extend Time To Complete Discovery. Discovery completion extended to 6/1/2006, Dispositive Motions filed not later than 6/10/2006 and Response to Defendants Motion for Summary Judgment not |

| | | |
|---|---|---|
| | | later than 6/10/2006. (Related Doc # 82) Entered On 5/8/2006. (RK, ) Modified text on 5/9/2006 (RK, ). (Entered: 05/08/2006) |
| 05/11/2006 | 88 | Response to *Order Dated April 11, 2006* Filed by David B. Anderson on behalf of Starla Watson Price Frazier (RE: related document(s)74 Order). (Anderson, David) (Entered: 05/11/2006) |
| 05/11/2006 | 89 | SEE DOCKET ENTRY #92- (District Court MC# 2:06cv3317-MHT) Motion for Withdrawal of Reference *and Transfer to District Court*. Fee Amount $150. Filed by David B. Anderson on behalf of Starla Watson Price Frazier. (Anderson, David) Modified text on 5/15/2006 (RK, ). (Entered: 05/11/2006) |
| 05/12/2006 | 90 | Clerks Certificate (RE: related document(s)89 Motion for Withdrawal of Reference filed by Cross-Claimant Starla Watson Price Frazier, Defendant Starla Watson Price Frazier). (RK, ) (Entered: 05/12/2006) |
| 05/15/2006 | 91 | Receipt of Motion for Withdrawal of Reference(05-03063) [motion,mwdref] ( 150.00) filing fee. Receipt number 1831325, amount $ 150.00. (U.S. Treasury) (Entered: 05/15/2006) |
| 05/15/2006 | 92 | Submission of Documents: *(Motion to Withdraw Reference and Transfer to District Court (not submitted originally under #89)* Filed by David B. Anderson on behalf of Starla Frazer, Starla Watson Price Frazier (RE: related document(s)89 Motion for Withdrawal of Reference filed by Cross-Claimant Starla Watson Price Frazier, Defendant Starla Watson Price Frazier). (Anderson, David) Modified text to Reflect Case Number Assigned by District Court (2:06cv3317-MHT) on 5/15/2006 (RK, ). (Entered: 05/15/2006) |
| 05/15/2006 | 93 | Motion for Protective Order Filed by Von G. Memory on behalf of Susan S. DePaola, Trustee. (Attachments: # 1 Exhibit A - Subpoena) (Memory, Von) (Entered: 05/15/2006) |
| 05/16/2006 | 94 | Submission of Pretrial Documents Filed by Andre M. Toffel on behalf of Baddley & Mauro, LLC (RE: related document(s)21 Scheduling Order, ). (Toffel, Andre) (Entered: 05/16/2006) |
| 05/16/2006 | 95 | Answer to Complaint , *Baddley's Answer to Trustee's Original and Amended Adversary Proceedings, Baddley's Answer to Frazer's Answer and Amended Answer, and Baddley's Counterclaims and CrossClaims against Frazer and the Trustee* Filed by Andre M. Toffel on behalf of Baddley & Mauro, LLC. (Toffel, Andre) (Entered: 05/16/2006) |
| 05/24/2006 | 96 | Notice of Telephone Hearing Set (RE: related document(s)93 Motion for Protective Order). Hearing scheduled for 6/6/2006 at 9:00 AM at Telephone Hearing. (BL, ) (Entered: 05/24/2006) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 05/30/2006 19:55:08 | | | |
| **PACER Login:** | wl0023 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 05-03063 Fil or Ent: Fil Doc From: 0 Doc To: 99999999 Term: y Links: n Format: HTMLfmt |
| **Billable Pages:** | 7 | **Cost:** | 0.56 |