# EXHIBIT B

## Pleadings and documents from the Colorado Court

| | |
|---|---|
| DISTRICT COURT, ROUTT COUNTY, COLORADO<br><br>Routt County Combined Court<br>522 Lincoln Avenue<br>P.O. Box 773117<br>Steamboat Springs, CO 80477<br><br>**Plaintiff(s):** Great Plains Transportation Services, Inc.<br><br>**Defendant(s):** Bowman Logistics, Inc., Cross Country Freightlines, Inc., Stephen Lee Price aka Stephen L. Price and Starla W. Price<br><br>William C. Hibbard<br>William C. Hibbard, P.C.<br>610 Oak Street<br>P.O. Box 773959<br>Steamboat Springs, CO 80477<br>(970) 870-9061<br>fax: (970) 879-5501<br>e-mail: wch @ cmn.net<br>Atty. Reg. #5244 | ▲ COURT USE ONLY ▲<br><br>Case Number: _____ |
| **AMENDED AND SUPPLEMENTAL COMPLAINT** ||

COMES NOW Great Plains Transportation Services, Inc. ("Great Plains"), through Counsel and files this its Complaint against the above-named Defendants and states:

### Parties

1. Great Plains is a commercial factor domiciled at 222 Lake Avenue, Fairmont, Minnesota 56031.

2. Bowman Logistics, Inc. is a property broker authorized to arrange for transportation in interstate commerce which is domiciled at 408 Woodvale Ave., Lafayette, Louisiana 70803. Bowman Logistics, Inc.'s agent for service for process in Colorado is James M. Mallet, 125 23rd St., Greeley, CO 80631.

3. Cross Country Freightlines, Inc. ("Cross Country") is a motor carrier authorized to transport general commodities in interstate commerce which is domiciled at

1

        4287 North Holly Road, Olney, Illinois 62450 and whose agent for service of process in Colorado is Laverne Devries, 118 West Hill St., Kersey, CO 80644.

4.        Stephen Lee Price aka Stephen L. Price, ("Price")was at all times material hereto a resident of 41600 RCR 38A, Steamboat Springs, Colorado 80487, is a principal of Cross Country and, as here relevant, is a guarantor of Cross Country's factoring agreement with Plaintiff.

5.        Starla W. Price was at all times material hereto a resident of 41600 RCR 38A, Steamboat Springs, Colorado 80487, is a principal of Cross Country and, as here relevant, is a guarantor of Cross Country's factoring obligations with Plaintiff.

### Jurisdiction and Venue

6.        This cause of action arises out of a factoring agreement executed by Defendant Price in this jurisdiction and involves transportation services including shipments moving to or from points in Colorado. It also arises from a civil conspiracy a substantial part of which was committed by Price within the State of Colorado.

7.        Each of the corporate Defendants has designated an agent for service of process in Colorado and each of the individual Defendants at all times material hereto maintained their principal residence in this jurisdiction.

### Statement of Facts

8.        On or about August 14, 2000, Plaintiff entered into a factoring agreement with Defendant Cross Country by which Plaintiff would advance to Cross Country funds based upon the assignment of certain accounts receivable reflected by invoices and bills of lading. Attached hereto as Appendix A is a copy of said factoring agreement which was executed by Defendant Price, the President of Cross Country.

9.        As an additional inducement to Plaintiff to factor receivables of Cross Country, Defendant Price executed a personal guaranty agreement, a copy of which is attached hereto as Appendix B. This personal guaranty provides for an award of attorney's fees and costs.

10.        As an additional inducement to Plaintiff to factor receivables of Cross County, Defendant Starla W. Price executed a personal guaranty agreement, a copy of which is attached hereto as Appendix C. This personal guaranty provides for an award of attorney's fees and costs.

11.        Pursuant to said factoring agreement and guarantees, Plaintiff has advanced

$244,000 to Cross Country on invoices for which Defendant Bowman is the account debtor. Attached hereto as Appendix D is a summary of these invoices which shows $244,000 due, owing and unpaid.

12. Pursuant to its factoring agreement with Defendant Cross Country, Plaintiff submitted timely invoices to Bowman advising Bowman in each instance that the invoice had been assigned to Great Plains and that payment to any party other than Great Plains would be in violation of Plaintiff's factoring rights.

13. Notwithstanding clear notice to Bowman, Plaintiff has reason to believe that all or part of the receivables assigned to it for collection were paid by Defendant Bowman to Defendant Cross Country.

14. Plaintiff has demanded payment of accounts receivable from Bowman and has not been paid.

15. Plaintiff has notified Defendants Cross Country and its guarantors, Price and Starla W. Price, that Defendant Cross Country is in violation of its factoring agreement and has demanded repayment to no avail.

16. Plaintiff has demanded payment of the factoring invoices in the amount of $244,000 from Defendant Price and Defendant Starla W. Price as guarantors and Plaintiff has not been paid. That subsequent to September 20, 2001 the Defendant Starla Price was again advised of the default and payment was demanded from her and payment of her obligations has not been forthcoming.

## COUNT ONE
### Causes of Action Against Defendant Bowman

17. Plaintiff reincorporates the allegations contained in paragraphs 1 through 16 above as though fully restated herein.

18. Plaintiff demands payment from Defendant Bowman based upon its assignment of the accounts receivables from Cross Country in the amount of $244,000.00.

## COUNT TWO

19. Plaintiff reincorporates the allegations contained in paragraphs 1 through 18 above as though fully restated herein.

20. Plaintiff demands payment from Defendant Bowman based upon breach of its contract and intentional violation of notice of assignment in the amount of $244,000.00.

3

## COUNT THREE

21. Plaintiff reincorporates the allegations contained in paragraphs 1 through 20 above as though fully restated herein.

22. Plaintiff alleges that Defendant Bowman has conspired with joint Defendants by word or conduct to accomplish an unlawful goal or to accomplish a goal through unlawful means, to wit: to defraud its lawful creditor and should be adjudged liable for compensatory damages in the amount of $244,000.00 plus punitive and exemplary damages.

## COUNT FOUR
### Cause of Action Against Defendant Cross Country

23. Plaintiff reincorporates the allegations contained in paragraphs 1 through 22 above as though fully restated herein.

24. Plaintiff submits that Defendant Cross Country is in breach of its factoring agreement by accepting funds on factored receivables from Bowman and failing to transmit proceeds of same to Plaintiff and should be found liable to Plaintiff in the amount of $244,000.00 plus costs and attorney's fees.

## COUNT FIVE

25. Plaintiff reincorporates the allegations contained in paragraphs 1 through 24 above as though fully restated herein.

26. Plaintiff submits that Defendant Cross Country has conspired with Bowman by word or conduct to accomplish an unlawful goal or to accomplish a goal through unlawful means, to wit: to defraud Great Plains, its creditor, and should be adjudged liable for compensatory damages in the amount of $244,000.00 plus attorney's fees, costs, punitive and exemplary damages.

## COUNT SIX
### Cause of Action Against Stephen L. Price

27. Plaintiff reincorporates the allegations contained in paragraphs 1 through 26 above as though fully restated herein.

28. Plaintiff submits that Price, as the President of Cross Country has conspired with with Bowman by word or conduct to accomplish an unlawful goal or to accomplish a goal through unlawful means, to wit: to defraud the rights of Plaintiff by causing Cross Country to receive funds for freight bills factored to Great Plains.

4

29. Plaintiff submits that Defendant Price should be liable to Plaintiff in the amount of $244,000.00 plus costs, attorney's fees, punitive and compensatory damages.

## COUNT SEVEN

30. Plaintiff reincorporates the allegations contained in paragraphs 1 through 29 above as though fully restated herein.

31. Plaintiff submits that Price should be adjudged liable to it based upon Cross Country's breach of its factoring agreement and Price's guaranty in the amount of $244,000.00 plus attorney's fees and costs as provided for in his personal guaranty.

## COUNT EIGHT
### Cause of Action Against Starla W. Price

32. Plaintiff reincorporates the allegations contained in paragraphs 1 through 31 above as though fully restated herein.

33. Plaintiff submits that Starla W. Price should be adjudged liable to it in the amount of $244,000.00 based upon Cross Country's breach of its factoring agreement and Starla W. Price's personal guaranty plus attorney's fees and costs.

WHEREFORE, the above premises considered, Plaintiff requests this Honorable Court to enter Judgment in its behalf and against each of the four named Defendants jointly and severally in the amount prayed for herein plus interest and attorney's fees and to award Plaintiff compensatory and punitive damages as the Court may deem appropriate against Defendants Bowman, Cross Country, and Price.

Respectfully submitted this 24th day of September, 2001.

_____
William C. Hibbard, #5244
Attorney for Plaintiff

**Plaintiff's Address:**
222 Lake Ave.
Fairmont, MN 56031