IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| STEPHEN L. PRICE, | ) | |
| | ) | |
|    Debtor. | ) | |
| | ) | |
| SUSAN S. DePAOLA, | ) | |
| Trustee, | ) | |
| | ) | |
|    Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
|    v. | ) | 2:06mc3317-MHT |
| | ) | (WO) |
| STEPHEN L. PRICE and | ) | |
| STARLA WATSON PRICE | ) | |
| FRAZER, | ) | |
| | ) | |
|    Defendants. | ) | |
| | ) | |
|    v. | ) | |
| | ) | |
| BADDLEY & AURO, LLC, | ) | |
| and THOMAS E. BADDLEY, | ) | |
| | ) | |
|    Counter-Defendants. | ) | |

OPINION AND ORDER

This case is before the court on defendant Starla Watson Price Frazer's motion and amended motion to withdraw reference and transfer to district court.  For

the reasons detailed below, the motions are denied as untimely.

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The underlying dispute is an adversary proceeding in bankruptcy court. Because timeliness is at issue here, a timeline of the relevant events taking place in the bankruptcy court is provided below:[*]

<u>August 12, 2005</u>:  Plaintiff Susan DePaola, trustee for the estate of Stephen Price, filed a complaint in bankruptcy court against Price and Frazer (Price's former wife) to recover a residence and stocks provided by Price to Frazer pursuant to their previously litigated divorce decree. The complaint seeks: (1) a declaratory judgment that the stocks and residence are the property of Price's bankruptcy estate and (2) turnover of said property.

---

[*] The dates for the bankruptcy court filings are taken from the bankruptcy court's docket sheet provided in Exhibit D, pp. 92 to 104, of Frazer's appendix to her amended motion to withdraw reference and transfer to district court and memorandum in support thereof (Doc. No. 8).

<u>September 14</u>:  Frazer filed a motion to dismiss.

<u>October 14</u>:  The bankruptcy court denied Frazer's dismissal motion.

<u>November 8</u>:  Frazer filed her answer, which included a jury demand.  She also filed a crossclaim and a counterclaim.

<u>December 28</u>:  Frazer filed a motion for summary judgment.

<u>February 13, 2006</u>:  The bankruptcy court denied Frazer's December 28 summary-judgment motion.

<u>March 13</u>:  Trustee DePaola amended her complaint to include a fraud claim.

<u>April 6</u>:  The bankruptcy court set trial for August 21.

<u>April 11</u>:  The bankruptcy court ordered Frazer to identify any issues triable by jury.

<u>April 14</u>:  Frazer filed an amended answer restating her jury demand.

<u>May 1</u>:  Frazer filed her second motion for summary judgment.

<u>May 11</u>:  Frazer responded to the bankruptcy judge's April 11 order and simultaneously filed a motion to withdraw reference with the bankruptcy court.  The motion to withdraw was received by this court on May 15.

<u>May 30</u>:  Frazer filed her amended motion to withdraw with this court.

<u>June 28</u>:  The bankruptcy court continued generally the August 21 trial day.

<u>June 30</u>:  The bankruptcy court struck Frazer's jury demand.

<u>July 17</u>:  The bankruptcy court denied Frazer's May 1 summary-judgment motion.


II.  DISCUSSION

A. Withdrawal-of-Reference Definition

The district court has original bankruptcy jurisdiction over "all civil proceedings arising under

title 11, or arising in or related to cases under title 11". 28 U.S.C. § 1334(a). District courts may refer these bankruptcy cases to specialized bankruptcy courts. 28 U.S.C. § 157(a). The Middle District of Alabama has adopted a General Order of Reference that refers all cases arising under or related to Title 11 to the bankruptcy courts in the Middle District. General Order of Reference, April 25, 1985.

If a party believes her case should be heard in district court, she may petition the district court to withdraw the reference and relieve the bankruptcy court of jurisdiction. 28 U.S.C. § 157(d) states:

> "The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating

> organizations or activities affecting interstate commerce."

The decision to grant or deny a motion to withdraw a reference belongs solely to the district court judge. Fed. R. Bankr. P. 5011. By granting district court judges the discretion to refer Title 11 cases to the bankruptcy courts and the authority to withdraw the reference once made, Congress ensures that "the judicial power of the United States will be ultimately exercised by an Article III Court." In re Parklane/Atlanta Joint Venture, 927 F.2d 532, 538 (11th Cir. 1991).

### B. Withdrawal-of-Reference Standard

A withdrawal may be mandatory or permissive. According to 28 U.S.C. § 157(d), withdrawal is mandatory if the case requires resolution of both Title 11 and non-bankruptcy code federal law. A minority of courts has advocated a literal interpretation of § 157(d) such that withdrawal is mandatory any time a non-bankruptcy code federal law claim is pled, irrespective of the claim's

substantiality.  See, e.g., In re Keifer, 276 B.R. 196 (E.D. Mich. 2002).  The majority has construed § 157(d) to mean "that withdrawal is mandatory 'only if the court can make an affirmative determination that resolution of the claims will require substantial and material consideration of those non-Code statutes' which have more than a de minimis impact on interstate commerce." In re TPI Intern. Airways, 222 B.R. 663, 667 (S.D. Ga. 1998) (quoting In re C-TC 9th Ave. Partnership, 177 B.R. 760, 762-64 (N.D. N.Y. 1995)).  Courts employing the "substantial and material" test have expressed concern that parties could undermine Congress's intent to give district courts the discretion to refer Title 11 cases to bankruptcy courts by alleging insubstantial claims involving non-bankruptcy code federal law.  In re American Body Armor & Equipment, Inc., 155 B.R. 588, 591 (M.D. Fla. 1993); United States v. ILCO, Inc., 48 B.R. 1016, 1021 (N.D. Ala. 1985).  Because the complaint at issue here does not raise any non-bankruptcy code federal

law claims, the motion to withdraw must be considered a permissive request.

Section 157(d) affords the district court discretion to grant a permissive withdrawal for "cause." Although there is no statutory definition of the word "cause," the Eleventh Circuit has concluded that it is not "an empty requirement." In re Parklane/Atlanta Joint Venture, 927 F.2d 532, 536 (11th Cir. 1991). When determining if there is sufficient cause for the withdrawal, district courts consider: (1) the advancement of uniformity in bankruptcy administration; (2) decreasing forum shopping and confusion; (3) promoting the economical use of the parties' resources; and (4) facilitating the bankruptcy process. Dionne v. Simmons (In re Simmons), 200 F.3d 738, 742 (11th Cir. 2000)(quoting Holland Am. Ins. Co. v. Succession of Roy, 777 F.2d 992 (5th Cir. 1985)). Additional factors that may be considered include: (1) whether the claim is core or non-core; (2) efficient use of judicial resources; (3) a jury demand; and (4)

prevention of delay. <u>Holmes v. Grubman</u>, 315 F. Supp. 2d 1376, 1382 (M.D. Ga. 2004); <u>Control Center, LLC v. Lauer</u>, 288 B.R. 269, 274 (M.D. Fla. 2002). Elucidating and analyzing these factors ensures that the cause requirement is not hollow; however, engaging in this multifactorial cause analysis "should not be used to prevent a district court from properly withdrawing reference either to ensure that the judicial power of the United States is exercised by an Article III court or in order to fulfill its supervisor function over the bankruptcy courts." <u>In re Parklane/ Atlanta Joint Venture</u>, 927 F.2d 532 at 538.

Frazer's argument for withdrawal is that she has a Seventh Amendment right to a jury trial and she refuses to consent to the trial taking place in bankruptcy court. Federal bankruptcy courts have the power to hold a jury trial only "if designated to exercise such jurisdiction by the district court and with the express consent of all the parties." 28 U.S.C. § 157(e). Frazer's argument was

recently addressed in this district in <u>In re Childs</u>, 342 B.R. 823 (M.D. Ala. 2006)(Albritton, J.). There, the court made clear that, before it could reach the merits of the withdrawal motion, it "must first deal with the threshold issue of timeliness." 342 B.R. at 827-828.

### C. Timeliness of Motion to Withdraw

Although § 157(d) does not provide a bright-line rule on timeliness, the <u>In re Childs</u> court joined the general consensus among courts "that a motion is timely if it was made as promptly as possible in light of the developments in the bankruptcy proceeding, or, more simply, if it was made at the first reasonable opportunity." <u>Id</u>. (quoting <u>United States v. Kaplan</u>, 146 B.R. 500, 503 (D. Mass. 1992) (internal quotations omitted); <u>see</u> <u>also</u> 9 Am Jur 2d Bankruptcy § 590 ("generally, [a motion to withdraw] will be considered timely if it is done at the first reasonable opportunity"). This timeliness requirement is meant "to prevent parties from forum shopping, stalling,

or otherwise engaging in obstructionist tactics." In re Childs, 342 B.R. at 828 (citing In re Holcomb Health Care Services, LLC 329 B.R. 622, 645 (M.D. Tenn. 2004); In re Matter of Lissner Corp., 115 B.R. 604, 608-612 (N.D. Ill.1990); In re Giorgio, 50 B.R. 327, 328-329 (D.R.I.1985)). Applying this reasoning, the court in In re Childs denied a motion to withdraw as untimely when the filing party did not file the motion in conjunction with its answer containing a jury demand, but instead vigorously participated in several years of pre-trial litigation, including filing dispositive motions, conducting discovery, and partaking in numerous scheduling and pretrial conferences, and then waiting until the eve of a longstanding trial date to file the motion for withdrawal. 342 B.R. at 829-830.

Similarly here, Frazer engaged in nine months of pre-trial litigation in the bankruptcy court, including filing two answers with jury demands, a cross-claim, a counterclaim, two summary-judgment motions, and a

11

dismissal motion, all before filing a motion to withdraw. The appropriate time for Frazer to have moved for withdrawal (to extent her withdrawal rested on a right to a jury trial) was on or about the time she made her first jury demand and, giving her the benefit of the doubt, definitely about the time she made her second jury demand. See In re Childs, 342 B.R. at 830. This stands to reason because Frazer must have been aware of the ground for the withdrawal (her right to a jury trial) at the time her jury demands were made.

However, Frazer twice failed to make a timely withdrawal motion. First, with regard to Trustee DePaola's original complaint, Frazer responded with a dismissal motion, an answer with a jury demand, and a summary-judgment motion. Second, after Trustee DePaola's amended complaint, the bankruptcy judge ordered Frazer to identify any issues triable by jury. Frazer again answered with a jury demand and then filed a second summary-judgment motion before submitting either the

12

required response regarding the jury issue or the related withdrawal motion. Frazer's decision not to file a motion to withdraw when she filed her jury demands, and, worse yet, instead to file subsequent dispositive motions, merely prolonged litigation in the very court she was seeking to strip of jurisdiction. Because Frazer did not file her motion to withdraw at the obligated time--that is, when she filed her first jury demand and, without question, when she filed her second jury demand--and further filed dispositive motions before moving for withdrawal, she cannot claim that she timely sought to withdraw this matter at the first reasonable opportunity.

    D. Consequences of an Untimely Motion

As in <u>In re Childs</u>, this court finds that a party waives her right to a jury trial in district court for a matter referred to bankruptcy court if the party does not timely move to withdraw the reference, in addition to

13

making a proper jury demand.  See In re Childs, 342 B.R. at 830; see also 9 Am Jur 2d Bankruptcy § 590 (explaining that "failure to make the motion at the first opportunity may constitute an implied waiver by all parties involved").

### III. CODA

It is also noteworthy that the bankruptcy court has now determined that Frazer is, in fact, not entitled to a jury trial.  The court, however, need not, and does not, rest its decision today on that result.

\*\*\*

For the reasons discussed above, it is the ORDER, JUDGMENT, and DECREE of the court that defendant Starla Watson Price Frazer's motion to withdraw reference and transfer to district court (Doc. No. 2) and amended

motion to withdraw reference and transfer to district court (Doc. No 7) are denied.

DONE, this the 13th day of August, 2007.

                                      /s/ Myron H. Thompson
                                **UNITED STATES DISTRICT JUDGE**